Stewart, J.
The sole question with, which we are concerned is whether the Court of Appeals was correct in dismissing Rogers’ appeal from the judgment of the trial court overruling Rogers’ motion for judgment notwithstanding the verdict.
We are of the opinion that the Court of Appeals was correct in dismissing such appeal, although we disagree with that court as to the reason it gave.
This court has held many times that the granting or overruling of a motion for a directed verdict or a mo *72 tion for a judgment notwithstanding a verdict constitutes a final order from which the aggrieved party can appeal. See Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx., 131 Ohio St., 405, 3 N. E. (2d), 355, and the cases therein cited.
There remains, however, the question as to when an appeal from such final order may be taken.
In the case of Jolley v. Martin Brothers Box Co., 158 Ohio St., 416, 109 N. E. (2d), 652, this court held that “the effect of filing a motion for new trial within the period provided by law after the entering of a judgment upon a verdict is to hold in abeyance the judgment until such motion is granted or overruled”; and that “the fact that a person attempts to invoke unauthorized jurisdiction of a court does not preclude him from thereafter challenging its jurisdiction of the subject matter and any judgment rendered with reference thereto, where such judgment is asserted as res judicata, and especially where such person does not thereby secure any advantage or the adverse party does not suffer any harm. ’ ’
In the Jolley case there was a verdict in favor of the plaintiff. Before judgment was entered on the verdict, defendant filed its motion for judgment non obstante veredicto. Thereafter, before the court ruled on the motion, defendant filed a motion for new trial. The trial court overruled the motion for judgment non obstante veredicto and entered a judgment in favor of the plaintiff for the amount of the verdict of the jury. Defendant thereupon requested leave to withdraw the motion for new trial because it had been prematurely filed, which motion was allowed, and thereafter filed a second motion for new trial.
At the time the second motion for new trial was filed, defendant appealed from the judgment of the court overruling its motion for judgment non obstante veredicto, and that appeal was prosecuted through to the. *73 Supreme Court, the action of the trial court being affirmed in the Court of Appeals and a motion to certify being overruled by the Supreme Court.
After the overruling of the motion to certify in the first appeal, defendant’s motion for new trial was heard and overruled by the trial court.
Defendant thereupon appealed from that judgment of the trial court and the Court of Appeals dismissed the appeal, except as to one claimed error, upon the ground that the validity of the other assigned errors had been determined adversely to the defendant on the first appeal, and that such determination had thereafter become, as to such claimed errors, res judicata. As indicated, this court reversed the judgment of the Court of Appeals.
It is true that in the Jolley case there were two appeals, but it must be noted that the first appeal was instituted on the day that the motion for new trial was filed, that the trial court held that motion in abeyance, and that the question whether the first appeal was premature was never raised.
That question is now squarely before us.
As we have said, the granting or overruling of a motion for a directed verdict or a motion for judgment notwithstanding the verdict constitutes a final order. If at the close of a plaintiff’s case defendant moves for a directed verdict and that motion is granted, plaintiff may appeal from such granting, whereas, if the motion is overruled, defendant may take an appeal from the overruling, and final disposition of the appeal disposes of the cause so far as defendant is concerned. Where, however, defendant’s motion for a directed verdict, at the close of plaintiff’s case, is overruled and defendant goes forward in the case, that motion is waived, but he may renew it at the close of all the evidence. If the renewed motion is granted, plaintiff may appeal from the granting, and *74 if it is overruled defendant may appeal from the overruling. •
After an adverse verdict of a jury and before entry of judgment thereon, defendant may file a motion for jiidgment non - obstante veredicto. If that is granted plaintiff may appeal from the granting, and if it is overruled defendant may appeal from the overruling.
Within 10 days after entry of judgment on a verdict, the losing party' may file a motion for a new trial. Where defendant moves for a directed verdict at the close of all the evidence, which motion is overruled and an adverse verdict is rendered against him by a jury, aiid he thereafter files a motion for a judgment non obstante veredicto, which motion is overruled and judgment is entered on the verdict, he may waive his right to file a motion for new trial and appeal at once from the judgment of the court overruling the motion for the judgment non obstante veredicto. If, however, he desires to have an anchor to windward or a second string to his bow, he may file a motion for new trial within 10 days after the entry of judgment on the verdict, and in such a case the time for taking an appeal from the overruling of the motion for a directed verdict or the motion for a judgment notwithstanding the verdict, or tioth, does not begin to run until the disposition of the motion for new trial. If the motion for new trial is decided against him he can appeal both as to the correctness of the ruling with reference to his right to a directed verdict or a judgment notwithstanding the verdict and the ruling on the motion for new trial. If, moreover, he is successful in obtaining a new trial, he is not thereby deprived of the right to ask for final judglnent on his motion for a directed verdict or for judgment notwithstanding the verdict.
The syllabus in the Michigan-Ohio-Indiana Coal case, supra, reads as follows:
“1, Where a trial court has overruled motions of a *75 defendant for a directed verdict in its favor, the time of beginning proceedings in error begins to run, not from the date of such overruling, but from the date of the entry of the final order or judgment disposing of the case.
“2. A motion for a directed verdict presents, not factual issues, but a question of law to be decided by the trial court. (Webb v. Western Reserve Bond & Share Co., 115 Ohio St., 247, approved and followed.)
“3. A defendant whose motion for a directed verdict in his favor has been overruled by the trial eout|t- and who claims that he is entitled to judgment as a matter of law, has a right, if the legal question has been decided against him, to submit his cause to the jury on factual issues in the hope of securing a successful verdict.
“4. The fact that a party elected to and was- successful in obtaining a new trial does not deprive him of the right to ask for final judgment upon his motion for a directed verdict. (Chris Boll Hardware Co. v. Logan Brick Supply Co., 84 Ohio St., 455; Hocking Valley Mining Co. v. Hunter, 130 Ohio St., 333; Cincinnati Goodwill Industries v. Neuerman, 130 Ohio St., 334, approved and followed.) ”
In that case a defendant moved for a directed verdict at the close of plaintiff’s evidence and at the close of all the evidence. His motions were overruled. He proceeded with the trial and there was an adverse verdict by the jury. He filed a motion for new trial, which-the court granted. However, he did not desire a new trial if he was entitled to a judgment as a matter of law, and in such a situation this court ruled as above stated.
As a matter of fact, the statement of law enunciated in the Michigan-Ohio-Indiana Coal case, supra,'is embodied in a legislative enactment. Section 12223-7, General Code, reads in part:
“After the journal entry of the final order, judg *76 ment or decree, has been approved by the court in writing and filed with the clerk for journalization, or after the entry of other matter for review, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
“1. In appeals * * * to Courts of Appeals * * * within twenty (20) days.
“Provided, that, when a motion for a new trial is filed by either party within ten days after a journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization, then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial.” (Italics supplied.)
It logically follows that an aggrieved party in a litigation may timely appeal from a ruling of the court on a motion for a directed verdict or a motion for a judgment notwithstanding the verdict. If, however, the aggrieved party files a motion for new trial after the journalization of a judgment on the verdict of a jury, he may then appeal after the disposition of that motion, and in that appeal the Court of Appeals shall first determine the question of the correctness of the ruling on the motion for judgment non obstante veredicto. If it is decided that the motion for judgment non obstante should have been granted, there is no necessity for a decision with reference to the motion for new trial. If, on the other hand, it is decided that the motion for judgment non obstante was properly overruled, then the Court of Appeals must decide the questions raised by the motion for new trial.
Where a motion for new trial has been filed, an appeal from an order overruling a motion for judgment non obstante before the disposition of the motion for new trial is premature, and the Court of Appeals may dismiss it either sua sponte or upon motion.
*77 It follows that the judgment of the Court of Appeals must be and it is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Zimmerman, JJ., concur.