OPINION
Appellant Kenny Tucker appeals a judgment of the Muskingum County Common Pleas Court convicting him of felony non-support (R.C.2919.21(B)):
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED AS MATTER OF LAW IN FINDING THAT INCARCERATION FOR A CRIME IS NOT A DEFENSE TO A CHARGE OF FELONY NON-SUPPORT PURSUANT TO REVISED CODE § 2919.21 (B).
 II. THE TRIAL COURT ERRED IN FINDING THAT THE MAGISTRATE'S DECISION, SUBMITTED BUT UNACTED [SIC] UPON BY A TRIAL COURT JUDGE, IS A VALID JOURNAL ENTRY THAT CAN BE USED AS A BASIS TO ESTABLISH A FELONY INDICTMENT AND CRIMINAL CONVICTION AS A MATTER OF LAW.
 III. THE CONVICTION FOR FELONY NON SUPPORT IS LEGALLY INSUFFICIENT AS A MATTER OF LAW AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Melissa Saxton was born March 9, 1983. In November of 1996, genetic testing was performed to determine Melissa's paternity. On August 21, 1997, the Muskingum County Juvenile Court entered summary judgment, finding appellant Kenny G. Tucker to be the father of Melissa Saxton. A child support hearing was held on August 12, 1998. Appellant was in prison on that date. On August 20, 1998, a magistrate recommended child support in the amount of $248 per month, effective April 1, 1997. In addition, appellant was ordered to pay back support in the amount of $8,450. The trial court judge never approved or acted on this decision of the magistrate.
Appellant was released from prison on June 12, 2000. On October 11, 2000, appellant was indicted for felony non-support. Appellant moved to dismiss the indictment on the basis that no lawful order of support had been entered against him, as the judge had never adopted the decision of the magistrate. On December 1, 2000, the judge of the juvenile court entered a nunc pro tunc judgment entry, approving the magistrate's decision of August 20, 1998, and applied it retroactively to that date.
The court overruled the motion to dismiss, and the case proceeded to a bench trial in the Muskingum County Common Pleas Court. Following bench trial, appellant was convicted as charged. Appellant was sentenced to an eight-month term of incarceration, to run concurrently with a sentence imposed in an unrelated case.
 II
We address appellant's second assignment of error first, as it is dispositive of the appeal.
The indictment alleged that appellant failed to provide support as established by a court order to Melissa Saxton, and failed to provide support for a total period of 26 weeks of 104 consecutive weeks, commencing October 3, 1998, and ending September 30, 2000. R.C.2919.21(B) provides:
 (B) No person shall abandon, or fail to provide support as established by a court order to another person whom, by court order or decree, the person is legally obligated to support.
Juv. R. 40(E)(4)(a) provides that the magistrate's decision shall be effective when adopted by the court, as noted in the journal record. In the instant case, the August 20, 1998, decision of the magistrate regarding child support was not approved and signed by the trial court until May 22, 2001. Therefore, the support order was not effective during the alleged period of non-support, October 3, 1998, through September 3, 2000.
Appellee argues that the May 22, 2001, nunc pro tunc order of the court made the magistrate's order effective as of August 20, 1998. A nunc protunc order may be issued by a court, as an exercise of its inherent power, to make its record speak the truth. It is intended to record what a trial court actually did, but failed to record. A nunc pro tunc order is a vehicle used to correct an order issued which fails to reflect the trial court's true action. State v. Greulich (1988), 61 Ohio App.3d 22,24-25. A nunc pro tunc order cannot be used to supply an omitted action, or to indicate what the court might or should have decided, or what the court intended to decide. Id., citing Webb v. Western ReserveBond Share Company (1926), 115 Ohio St. 247.
In the instant case, the nunc pro tunc order reflected what the court should have done, but did not do. This was an inappropriate use of anunc pro tunc order. Therefore, the nunc pro tunc order did not serve to make the support order effective as of August 20, 1998. As the order of support was not effective during the time period alleged in the indictment, the court erred in overruling appellant's motion to dismiss the indictment.
The second assignment of error is sustained.
 I and III
The first and third assignments of error are rendered moot by our disposition of assignment of error two.
The judgment of conviction and sentence of the Muskingum County Common Pleas Court is vacated. Pursuant to App. R. 12 (B), we hereby enter the judgment the trial court should have entered, and dismiss the October 11, 2000, indictment of the Muskingum County Grand Jury charging appellant Kenny G. Tucker with criminal non-support in violation of R.C.2919.21 (B).
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of conviction and sentence of the Muskingum County Common Pleas Court is vacated. Pursuant to App. R. 12 (B), we hereby enter the judgment the trial court should have entered, and dismiss the October 11, 2000, indictment of the Muskingum County Grand Jury charging appellant Kenny G. Tucker with criminal non-support in violation of R.C. 2919.21 (B). Costs to appellee.
GWIN, P.J., HOFFMAN, J., and FARMER, J., concur