said to justify such action when considered in the light of all the circumstances, I might come to a different conclusion.

Having concluded that the court is bound by the rule of the *Parish case*, it is unnecessary to consider at length the question of continued cohabitation of the parties as husband and wife after one of the parties had filed a petition for divorce and the continuation of such relationship until trial, without making such facts known to the trial court at the time of trial, as constituting a fraud upon the court. It is enough to say, under the circumstances, that such conduct would, without question, constitute fraudulent conduct. The plaintiff on the trial of either a contested or uncontested case owes the duty to disclose the conduct of the parties after the institution of the divorce case. See *Shinn* v. *Shinn* (1947), 148 Neb., 832, 29 N. W. (2d), 629, 174 A. L. R., 510.

Under the rule of the *Parish case, supra,* the motion should be overruled.

THE STATE, EX REL. CITY OF CINCINNATI ET AL., *v.* SCHNEIDER, JUDGE, ET AL.

(No. 7378—Decided December 11, 1950.)

Mr. *Henry M. Bruestle,* city solicitor, and *Mr. James W. Farrell, Jr.,* for relators.
*Messrs. Barbour, Kimpel & Allen,* for respondents.

Ross, P. J.  In an action in the Common Pleas Court, the plaintiffs (respondents herein) sought a mandatory injunction against the city of Cincinnati, whereby such city would be compelled to furnish water to the plaintiffs.  The plaintiffs' property was situated outside the boundaries of the city.  No restraining order pending the hearing of the action was granted.  On February 2, 1950, judgment was entered in favor of the city and the petition dismissed.

The judgment contained the following clauses:

"The court further finds that undue hardship would result to plaintiffs if defendants immediately discontinued water service to plaintiffs' properties.

"It is therefore further ordered, adjudged and decreed that defendants be and are hereby temporarily enjoined from discontinuing water service to plaintiffs for a period of 180 days."

Appeal was taken from that judgment and while pending in the Supreme Court, on motion, a temporary restraining order was requested by the plaintiffs in the original action and granted.

After remand to the trial court incorporating an affirmance of the original judgment of the trial court, that court entered a new judgment *nunc pro tunc.*

This new judgment was in the following terms:

"This cause came on to be heard on the motion of the defendants for judgment on the pleadings filed herein, and on consideration thereof the court finds said motion well taken and grants the same; and the plaintiffs not desiring to plead further,

"It is therefore ordered, adjudged and decreed that the injunction prayed for be and is hereby denied and that the petition be and is hereby dismissed at the costs of the plaintiffs, taxed at $————.

"The court further finds that undue hardship would result to the plaintiffs if defendants immediately discontinued water service to plaintiffs' properties and that a reasonable time should be allowed the plaintiffs to secure an adequate water supply from some other source.

"It is therefore further ordered, adjudged and decreed that the defendants be and they are hereby temporarily enjoined from discontinuing water service to the plaintiffs until April 1, 1951; to all of which defendants by counsel except.

"The court orders that this order and judgment be now entered by the clerk of this court upon the journal of this court this 8th day of November, 1950, said order and judgment to take effect as of the 2nd day of February, 1950, in place and stead of order and judgment previously entered on February 2, 1950."

The purpose of this proceeding in mandamus is to have this latter judgment entry expunged from the journal records of the trial court.

The defendants in the original action (relators here) also filed an appeal from such *nunc pro tunc* judgment, and such appeal is now pending in this court and cannot be heard for some time.

"1. The power of the trial court to make an entry *nunc pro tunc* after term does not extend beyond the power to make the journal entry speak the truth.

"2. A trial court is without power to alter his conclusion by *nunc pro tunc* entry at a term subsequent to the term of the original entry." *Reinbolt* v. *Reinbolt*, 112 Ohio St., 526, 147 N. E., 808.

The trial judge was called to the witness stand in this proceeding. He testified that at the time he entered the original judgment he did not know an appeal was contemplated by the plaintiffs in the original action. He testified also that the period of restraint stated in the *nunc pro tunc* entry was not the period mentioned in the original entry, but that he felt consideration of justice required the additional time allowed by the entry *nunc pro tunc*.

It is therefore evident that the original entry embodied just what the trial judge did at the time it was entered, and what he intended to do.

This court is not required by the issues now presented to state whether the act of the trial court in granting a temporary restraining order in the original judgment was void. In any event, it is clear that the

trial court lacked power after affirmance of the original judgment and remand to it, and after the term during which the judgment was entered, to modify its terms and enter a new restraining order, covering an entirely different period than originally specified or contemplated. Obviously the attempt to exercise such power through the fiction of a *nunc pro tunc* entry rendered the judgment embodying such attempt void.

The fact that these relators—defendants in the original action—employed dual methods of avoiding the effect of such void judgment cannot prejudice their right to the relief sought in the instant proceeding.

It is true that they could ignore such judgment and proceed accordingly. However, they are not bound to do so. They are entitled to have the records of the trial court cleared of a journal entry which, if ignored, would, at least, show an apparent disrespect of the trial court not entertained by them.

The writ will be granted.

*Writ allowed.*

Ross, P. J., Hildebrant and Matthews, JJ., concur in the syllabus, opinion and judgment.