IN RE ESTATE OF COOK : THE CENTRAL TRUST CO. OF CINCINNATI, ADMR., APPELLANT, v. THE FIRST NATIONAL BANK OF CINCINNATI, EXR., APPELLEE, ET AL.

122

(No. 68-654—Decided July 9, 1969.)

Mr. *Robert O. Smith,* Messrs. *Paxton & Seasongood,* Mr. *Robert P. Goldman,* Mr. *Clyde M. Abbott,* Mr. *Harry Stickney* and Mr. *Starbuck Smith, Jr.,* for appellant.

Mr. *Milton B. Schott,* Messrs. *Frost & Jacobs,* Mr. *Robert O. Klausmeyer* and Mr. *John C. Newlin,* for appellee.

O'NEILL, J. Two propositions of law resolve the issue of whether the Probate Court erred in granting appellee's application to set aside the entry of October 26, 1966.

First, an executor and testamentary trustee under a decedent's will has no standing to contest an election not to take under that will made by the Probate Court on behalf of the decedent's surviving spouse who, because of legal disability, is unable to make such election on her own behalf.

Second, a Probate Court should enter a *nunc pro tunc* entry to correct defects in an original entry when that original entry fails to record judicial action previously actually taken.

The statute providing for election by a surviving spouse under legal disability is Section 2107.45, Revised Code, which reads as follows:

"When, because of a legal disability, a surviving spouse is unable to make an election as provided by Section 2107.39 of the Revised Code, as soon as the facts come to the knowledge of the Probate Court, the Probate Court shall appoint some suitable person to ascertain the value of the provision made for such spouse by the testator and the value of the rights in the estate of such testator under Sections 2105.01 to 2105.21, inclusive, of the Revised Code. Such appointment by the court shall be made at any time within the time allowed for election under Section 2107.39 of the Revised Code.

"When the person appointed returns the report of his investigation, the court shall determine whether the provision made by the testator for the surviving spouse in the will or the provision under Sections 2105.01 to 2105.21, inclusive, of the Revised Code, is better for such spouse and shall elect accordingly. The court shall thereupon record upon its journal the election made for such spouse, which election, when so entered, shall have the same effect as an election made by one not under such disability."

In discussing that section, this court, in the case of

*In re Estate of Strauch*, 15 Ohio St. 2d 192, said at page 194:

"The right to dispose of property by will and to receive property under a will is a matter of statute. See 55 Ohio Jurisprudence 2d 522, Wills, Section 47. Since the right to make a will is a matter of statute, the statutes may place certain conditions and limitations thereon. One of the conditions on testamentary dispositions by a husband or wife is the right of the surviving spouse to elect not to take under the will but under the statute of descent and distribution, Section 2107.39, Revised Code. This right in the surviving spouse is absolute. However, in the event a surviving spouse is incompetent and thus unable to make such election, Section 2107.45, Revised Code, provides that the Probate Court shall make the election on behalf of such spouse. Thus, the right to make such an election lies in the surviving spouse or in the Probate Court acting on behalf of the surviving spouse.

"Section 2107.45, Revised Code, provides that, in making such determination, the sole yardstick by which the Probate Court shall be guided is what is 'better for such spouse.'

"Since the only question to be determined by the Probate Court in electing whether an incompetent surviving spouse shall take under the will is what is 'better for such spouse,' the only persons who may question such determination are the guardian of such spouse or some other party acting on behalf of such spouse. Legatees under the will have no right to contest such action on their own behalf."

For the same reason the executor and testamentary trustee under a deceased husband's will has no right to contest a Probate Court's election on behalf of an incompetent spouse to take against the will.

It has been suggested that, by statute, legatees and others with pecuniary interests should have the right to contest a Probate Court's election on behalf of an incom-

petent spouse to take against the will. 8 West. Res. L. Rev. 383, at page 389. See, generally, 1958 Wis. L. Rev., Friedman, The Renounceable Will: The Problem of the Incompetent Spouse, 400. However, this court is not the proper forum in which to present arguments for statutory change. The provisions of Section 2107.45, Revised Code, pertaining to an election made by one under legal disability, are brief, concise, and positive. The mandatory language of that section provides that "the court shall determine whether the provision made by the testator * * * or the provision under Sections 2105.01 to 2105.21 * * * is better for such spouse and shall elect accordingly." Thus, the incompetent spouse is entitled to the *better* provision. If the Probate Court errs or abuses its discretion in not selecting the *better* provision, the guardian of the incompetent spouse, because of the obligations of the fiduciary relationship, can be expected to contest the election in the best interests of the spouse. Persons with conflicting interests have no standing.

For those reasons, the election made by the Probate Court for the widow to take under the statute of descent and distribution should not have been set aside upon the application of the executor and testamentary trustee of the decedent's estate.

Although the appellee had no right to contest the election, it did have the right—in fact it owed a duty to the legatees under the will and to the beneficiaries under the testamentary trust—to apply to the Probate Court to correct a journal entry which did not conform to law and, thus, was a cloud on the title to the estate and trust property. In other words, the executor and testamentary trustee, by the very nature of its capacity, can not be expected to have the sole interests of the incompetent surviving spouse in mind. Yet, Section 2107.45, Revised Code, is concerned only with what is better for said spouse. However, in the administration of the estate and trust, the executor and trustee should, for the purpose of certainty and finality, be interested in

having the Probate Court's journal reflect, in accordance with law, the election which the court had previously made.

The error in this case was in the court's granting appellee's application to set aside the entry. The net effect of this was to allow appellee to overturn the court's election. It has already been determined that appellee can not contest that election. The proper procedure in this case would have been for appellee to make application to correct the court's journal entry and for the court to grant the same by making a *nunc pro tunc* entry. In the case of *National Life Ins. Co.* v. *Kohn*, 133 Ohio St. 111, at page 113, this court said:

"It is elementary that courts possess inherent common-law power to enter judgments or orders *nunc pro tunc* in proper cases. The phrase meaning simply 'now for then' is accurately descriptive. The general purpose of such an entry is to record a prior but unrecorded act of the court. In other words, the power to make *nunc pro tunc* entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth. *Reinbolt* v. *Reinbolt*, 112 Ohio St. 526, 147 N. E. 808." See *Caprita* v. *Caprita*, 145 Ohio St. 5; *State, ex rel. Rogers,* v. *Rankin*, 154 Ohio St. 23; *Herman* v. *Ohio Finance Co.*, 66 Ohio App. 164; *Snodgrass* v. *Snodgrass*, 85 Ohio App. 285; *State, ex rel. Cincinnati,* v. *Schneider*, 89 Ohio App. 96; *State* v. *Coleman*, 110 Ohio App. 475; *Krechman* v. *Krechman*, 110 Ohio App. 554. In addition, see Annotations, 10 A. L. R. 526, 67 A. L. R. 828 and 126 A. L. R. 956.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., GRAY, MATTHIAS, SCHNEIDER and HERBERT, JJ., concur.

DUNCAN, J., dissents.

128

GRAY, J., of the Fourth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE GRAY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE GRAY did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.