JOURNAL ENTRY AND OPINION
On December 16, 1998, the trial court signed the proposed journal entry submitted by the City of Cleveland Board of Building Standards and Building Appeals ("appellant"). That judgment entry upheld the previous decision of the Board of Building Standards and Building Appeals ordering Associated Estates Corporation to either remove security bars at the Park Village Apartment complex or to install a safety release mechanism on the first floor windows equipped with the security bars. Associated Estates also was ordered to correct numerous other violations by December 31, 1998.
On January 5, 1999, the trial court entered a nunc pro tunc entry in which it adopted the proposed judgment entry of Associated Estates. That entry granted Associated Estates until October 15, 1998, to correct any existing violations and granted a variance allowing the stationary bars to remain on the first floor windows.
The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so that the record speaks the truth. In re Estate of Cook (1969) 19 Ohio St.2d 121, 127. A nunc pro tunc order literally means "now for then." A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. A nunc pro tunc order may not be used to show what the court might or should have decided, or intended to decide, but what it actually did decide. McKay v. McKay (1985),24 Ohio App.3d 74. Such an order is limited to memorializing what the trial court actually did at an earlier point in time. State exrel. Phillips v. Indus. Comm. (1927), 116 Ohio St. 261. A court may not use a nunc pro tunc entry to enter of record that which it intended or might have made but which in fact was not made. Webbv. W. Res. Bond Share Co. (1926), 115 Ohio St. 247. See also State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97.
The trial court used the nunc pro tunc order to change its prior judgment entry. Even if the trial court intended to sign Associated Estates proposed journal entry, a nunc pro tunc order may not be used to void a final order but only to correct clerical errors. The trial court could not invoke the inherent power of the court to correct its journal by using a nunc pro tunc order in this fashion. Therefore, the judgment entry signed by the trial court which decided the case upholding the decision of the Board of Building Standards and Building Appeals is the final order in this case. No appeal has been taken from this order so there is no appeal properly before this court.
Appeal dismissed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and JAMES D. SWEENEY, J. CONCUR.
 ______________________________ LEO M. SPELLACY PRESIDING JUDGE