OPINION
The state appeals from a nunc pro tunc entry of the Greene County Court of Common Pleas, which waived the court costs that Wyatt Wade Bumgardner had been ordered to pay in the court's earlier termination entry.
In 1995, Bumgardner was convicted of aggravated murder, murder, and kidnaping related to the death of Donna Clifton. We reversed this conviction on constitutional grounds in State v.Bumgardner (June 7, 1996), Greene App. No. 95-CA-11, unreported. Bumgardner was retried in 1997. He was found guilty of involuntary manslaughter and kidnaping and was sentenced accordingly. Regarding court costs, the termination entry provided:
 Costs of proceedings are assessed against the Defendant for which execution is hereby awarded and all bonds posted in this matter are ordered released, * * *. THE COURT FIND[S] THE DEFENDANT IS INDIGENT UNDER REVISED CODE SECTION 2949.19.
Bumgardner did not challenge the assessment of court costs in his direct appeal. We affirmed his conviction in State v. Bumgardner
(Aug. 21, 1998), Greene App. No. 97-CA-103, unreported.
In early 1999, the Greene County Clerk of Courts attempted to garnish Bumgardner's prison wages to recover the court costs that the county had been awarded. In response to the attempted garnishment, Bumgardner sought the trial court's approval of anunc pro tunc entry which provided that Bumgardner was indigent and that the court had waived the court costs at sentencing due to his indigency and the length of his sentence. The trial court signed this entry, and it was filed on July 12, 1999. On July 15, 1999, the state filed a motion urging the trial court to reconsider its nunc pro tunc entry. The state filed a notice of appeal while the motion for reconsideration was still pending, and the trial court subsequently overruled the motion.
The state raises one assignment of error on appeal.
 THE TRIAL COURT ERRED BY USING A NUNC PRO TUNC ORDER [NOT] TO SHOW WHAT THE COURT ACTUALLY DID DECIDE, BUT RATHER TO SHOW WHAT THE COURT THOUGHT IT MIGHT OR SHOULD HAVE DECIDED.
The state contends that the trial court used the nunc protunc entry improperly in this case because it essentially used the entry to change its mind about its prior disposition of the case, rather than for the limited purpose of correcting an error. Bumgardner argues that only the trial judge knew what his decision as to costs had been at the time of sentencing and that his nuncpro tunc entry demonstrated that he had decided to waive the costs when he sentenced Bumgardner.
Courts possess inherent authority to correct errors in judgment entries so that the record speaks the truth. In reEstate of Cook (1969), 19 Ohio St.2d 121, 127. Nunc pro tunc
entries are limited in proper use, however, to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. Webb v. WesternRes. Bond Share Co. (1926), 115 Ohio St. 247, 256; State v.Breedlove (1988), 46 Ohio App.3d 78, 81; McKay v. McKay (1985),24 Ohio App.3d 74, 75. "Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action." State v. Gruelich (1988),61 Ohio App.3d 22, 25.
The trial court did not address the issue of costs when it sentenced Bumgardner in open court, but the court subsequently filed a termination entry drafted by the state which specified that Bumgardner was to be assessed the costs of the proceedings. If this were the only evidence in the record bearing on the trial court's original decision as to costs, we would be inclined to agree with Bumgardner that we could not second guess whether the trial court had imposed those costs inadvertently or intentionally, and we would presume that the trial court had properly used the nunc pro tunc entry to memorialize what its decision as to costs had been at the time of sentencing.
In this case, however, we have the benefit of the trial court's language in overruling the state's motion for reconsideration of the nunc pro tunc entry. The trial court stated:
 Neither the State nor the Defendant have recognized some fundamental principals of Ohio law. Courts of common pleas are created by and derive their authority from the Constitution of the State of Ohio. Article V, Section 1.
Thus, these courts have inherent powers to do that w[h]ich is deemed proper in the administration of justice, limited only by the rule that any such action not constitute an abuse of discretion. (Citations omitted.)
 In exercising this discretion prior to approving the nunc pro tunc entry, [t]he Court considered the fact that the Defendant had been convicted at his first trial of aggravated murder but that conviction had been reversed on appeal. The Court also considered the fact that the Defendant went to trial a second time on a charge of aggravated murder, but was convicted of a lesser offense. Finally, the Court considered the peculiar facts of this case and the unusual yet appropriative [sic] defense. Giving to these and all other surrounding circumstance[s] due consideration, the Court then concluded that justice required the result to which the State now objects.
This language belies Bumgardner's argument that the trial court had decided to waive court costs as of the time of sentencing. This entry demonstrates that the trial court incorrectly believed that it was free to change its earlier decision so long as it acted reasonably, i.e., within its discretion. It also shows that the trial court deliberated about the issue of court costs and did not merely act to correct a clerical error or oversight. The court did not make any effort to justify the nunc pro tunc error as an effort to correct, rather than modify, the record. Because the nunc pro tunc entry did not reflect what the court had actually decided at the time of sentencing, but rather modified its earlier judgment, the trial court exceeded its authority in issuing the nunc pro tunc entry. Thus, the entry is void.
The assignment of error is sustained.
The order of the trial court vacating its earlier award of court costs will be reversed.
GRADY, P.J. and YOUNG, J., concur.
Copies mailed to:
Robert K. Hendrix
Jose M. Lopez
Hon. Robert M. Brown