DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, James Lamb and his wife Barbara Lamb ("the Lambs"), appeal the entry of summary judgment against them in the Summit County Court of Common Pleas. Retail Planning and Construction, Inc., cross-appeals. We affirm in part and reverse in part.
 I.
On September 4, 1997, Mr. Lamb was engaged in the installation of a heating and air-conditioning unit on the roof of Summit Mall, appellee. He was employed by a subcontractor of Retail Planning and Construction, Inc., appellee and cross-appellant. The air-conditioning and heating unit was being installed for The Children's Place Retail Stores, Inc., appellee, and specifically, The Children's Place store, appellee, located in Summit Mall.
Summit Mall security had informed Mr. Lamb that he was not allowed to place a ladder against the side of the building to gain access to the roof, which is over twenty feet from the ground. This mandate left Mr. Lamb with two possible routes to his work site on the roof. One possible route was via an internal system of stairways to the roof, which would leave approximately two hundred yards for him to walk across the roof to the work site. The other route was via a ladder attached to the side of the building, which led to a point on the roof that was very close to the job site. Mr. Lamb had previously used the outside ladder at least once before but had used the inside stairs over fifty times. It is unclear from the record whether his previous choices as to the route he took to other job sites were due to the location of the job site on the roof. On this particular occasion, Mr. Lamb chose to use the outside ladder to gain access to the roof.
Mr. Lamb placed his own freestanding ladder under the ladder attached to the building, as it did not reach the ground, and proceeded to ascend to the roof. The ladder leading up the side of Summit Mall was attached to the exterior of the mall and had no cage to prevent one from falling while using it. On another trip up the ladder, after his break at approximately 10:00 a.m., Mr. Lamb fell from the top of the ladder, which was attached to the side of Summit Mall, while he was trying to transfer himself from the ladder to the roof. He was severely injured.
On August 12, 1998, Mr. and Mrs. Lamb filed suit against Summit Mall and its statutory agent, Edward J. DeBartolo Corporation, ("Summit Mall") appellee, The Children's Place Retail Stores, Inc., and The Children's Place located in Summit Mall. The Children's Place Retail Stores, Inc., The Children's Place, and Summit Mall filed a third party complaint against Retail Planning and Construction Incorporated ("RPC"), the general contractor. On December 17, 1998, RPC filed a fourth party complaint against Corporate Mechanical, the subcontractor and Mr. Lamb's employer. Numerous cross-claims were filed, namely between Summit Mall, The Children's Place Retail Stores, Inc., The Children's Place, and RPC. The Lambs, in their first amended complaint filed on September 3, 1999, asserted new claims against RPC and DeBartolo Capital Partnership. On September 30, 1999, the Lambs dismissed their claims against The Children's Place Retail Stores, Inc., and The Children's Place.
The various defendants moved for summary judgment. After substantial briefing, the trial court entered summary judgment in favor of defendants Summit Mall and DeBartolo Capital Partnership (hereinafter jointly referred to as Summit Mall), as well as in favor of RPC on February 17, 2000. Appellants appealed the trial court's decision on March 15, 2000.
This court issued an order on March 27, 2000 requiring appellants to show cause why this appeal should not be dismissed for lack of a final, appealable order. Appellants responded by moving to supplement the record with the trial court's nunc pro tunc entry of April 3, 2000, which added no just reason for delay language to the trial court's original opinion and dismissed RPC's fourth party complaint against Corporate Mechanical. RPC then filed a cross-appeal of the trial court's dismissal of its fourth party complaint against Corporate Mechanical. Pursuant to Civ.R. 54(B), the trial court's entry of no just reason for delay language made the trial court's entry of summary judgment, although not on all claims and parties, a final, appealable order. Accordingly, appellants' appeal and RPC's cross-appeal followed.
 II.
Appellants assert two assignments of error. We will address them together as they contain similar issues of fact and law. Cross-appellant asserts one assignment of error.
 A. Appellants' First Assignment of Error The Trial Court Erred In Granting Summary Judgment In Favor Of Defendants-Appellees, Summit Mall And DeBartolo Capital Partnership (The "Summit Mall Defendants").
 Appellants' Second Assignment of Error The Trial Court Erred In Granting Summary Judgment In Favor Of Defendant-Appellee, Retail Planning Construction Company ("RPC").
The Lambs assert that the trial court erred by finding that there was no issue of material fact as to whether active participation by either Summit Mall or RPC had caused the accident. Specifically, the Lambs aver that Summit Mall actively participated by controlling a critical variable, namely access to the roof, by limiting the routes of ingress and egress and prohibiting Mr. Lamb from using his own ladder. Further, they argue that RPC also controlled this critical variable, and hence, actively participated by giving permission, implicitly, to Mr. Lamb's use of the ladder. We do not agree that there was a material issue of fact regarding whether either party actively participated to the extent needed to impose liability.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
R.C. 4101.11 codifies the common-law duty of owners of real property to invitees, that is, to keep the premises in a safe condition and to warn of known hazards. Best v. Energized Substation Serv., Inc. (1993),88 Ohio App.3d 109, 113-14. R.C. 4101.11 provides:
 Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters.
However, the duty mandated by this statute "does not extend to hazards which are inherently and necessarily present because of the nature of the work performed, where the frequenter is the employee of an independent contractor." Eicher v. United States Steel Corp. (1987), 32 Ohio St.3d 248, syllabus. Moreover, "[a] general contractor who has not actively participated in the subcontractor's work, does not, merely by virtue of its supervisory capacity, owe a duty of care to employees of the subcontractor who are injured while engaged in inherently dangerous work." Cafferkey v. Turner Constr. Co. (1986), 21 Ohio St.3d 110, syllabus. Falling from a roof that one is working on, or while climbing to the rooftop job site, is one of the inherent hazards of working on a roof. Accord Kraner v. Legg (June 29, 2000), Mercer App. No. 10-2000-04, unreported, 2000 Ohio App. LEXIS 2928, at *9; Speakes v. Rich HoushServ., Inc. (July 31, 1995), Warren App. No. CA95-02-012, unreported, 1995 Ohio App. LEXIS 3160, at *6.
Despite the Eicher holding, Summit Mall and RPC would owe Mr. Lamb a duty of care if they "`actually participat[ed] in the job operation performed by'" Mr. Lamb. (Emphasis omitted.) Sopkovich v. Ohio Edison Co.
(1998), 81 Ohio St.3d 628, 638, quoting Hirschbach v. Cincinnati Gas Elec. Co. (1983), 6 Ohio St.3d 206, syllabus. To be held liable, Summit Mall and RPC would have to have actively participated in the job operation which involves more than mere supervision, but rather, "a landowner must direct or interfere with the independent contractor's performance." Best, 88 Ohio App.3d at 114. "`[A]ctively participated' means that the general contractor directed the activity which resulted in the injury and/or gave or denied permission for the critical acts that led to the employee's injury, rather than merely exercising a general supervisory role over the project." Bond v. Haward Corp. (1995),72 Ohio St.3d 332, syllabus.
In the instant matter, as noted above, working on a roof and traveling from the ground to the job site is inherently dangerous. However, the Lambs assert that Summit Mall and RPC actively participated in the work. First, we will address this issue in regard to Summit Mall. Construing the facts in a light most favorable to the Lambs, Summit Mall refused to allow ladders to be propped against the outside of the building but offered two routes to the roof as alternatives, one exterior route and one interior route that was a longer trip. However, we find this to be a general supervisory decision rather than "conduct that could constitute actual participation in the performance of the job operation."Sopkovich, 81 Ohio St.3d at 639. Removing one method of ingress and egress from the subcontractor's list of options does not rise to the level of active control. The subcontractors were free to use either of the two paths provided to the roof or to lift themselves to the roof via other means such as the crane, which was apparently present to lift the heating and air-conditioning unit into place, so long as ladders were not used which could scuff the side of the building. Were we to hold otherwise, virtually any job specification or direction of a subcontractor would result in potential liability. Moreover, Summit Mall did not prescribe or proscribe safety measures to be taken by the subcontractors, who were free to use a harness system while climbing the exterior ladder or take other safety precautions. Finally, active participation "revolve[s] around the concept of active participation in the work activities of the independent subcontractor's employees." (Emphasis original.) Sopkovich, 81 Ohio St.3d at 640. We can discern no active involvement in the work activities of Mr. Lamb by Summit Mall. Moreover, given Mr. Lamb's other choices and safety options, Summit Mall did not exercise control "over a critical variable in the workplace."Id. at 643. Accordingly, we conclude that the trial court properly granted summary judgment in favor of Summit Mall.
The analysis of the Lambs' claim against RPC is substantially similar. The Lambs argue that RPC employees were seen climbing the exterior ladder, implying that it was the proper path to take to the roof. Further, they aver that RPC failed to warn them not to use the ladder. Hence, they assert that RPC actively participated in Mr. Lamb's work. However, "`[the general contractor] neither gave nor denied permission for the critical acts that led to the [plaintiff's] injuries.'" (First alteration original.) Sopkovich, 81 Ohio St.3d at 640, quotingCafferkey, 21 Ohio St.3d at 112. Moreover, "concern for safety * * * does not constitute the kind of active participation in [the independent subcontractor's] work that is legally required to create a duty of care[.]" (Third alteration original and emphasis omitted.) Sopkovich,81 Ohio St.3d at 640, quoting Cafferkey, 21 Ohio St.3d at 113. Hence, had RPC warned of the dangers of using the ladder, liability may not have ensued, but here, RPC was silent regarding the danger of using the ladder. We conclude that RPC's silence does not rise to the level of "active participation." Although the Lambs assert that RPC gave implicit permission to use the ladder, there is no evidence that they mandated its use and thus exercised control over this aspect of the work or critical variable in the workplace. Accordingly, we can discern no evidence of active participation on the part of RPC, and hence, no liability. Therefore, we conclude that the trial court properly granted summary judgment in favor of RPC.
The Lambs' assignments of error are overruled. The trial court's entry of summary judgment is affirmed.[1]
 B. Cross-Appellant's Assignment of Error The trial court erred in entering its April 3, 2000 nunc pro tunc [sic] order summarily dismissing Defendant/Appellee, Retail Planning Construction, Inc. (RPC's), Fourth Party Complaint against Corporate Mechanical.
RPC asserts that the trial court erred by entering a dismissal of their fourth-party complaint against Corporate Mechanical where the trial court had not previously and actually dismissed the complaint. RPC argues that the trial court never actually took the action of dismissing the complaint and that a nunc pro tunc entry is only appropriate where the action was previously taken but was unrecorded. We agree.
When a trial court finds that the record does not accurately reflect its actions,
 "[i]t is elementary that courts possess inherent common-law power to enter judgments or orders nunc pro tunc in proper cases. The phrase meaning simply `now for then' is accurately descriptive. The general purpose of such an entry is to record a prior but unrecorded act of the court. In other words, the power to make nunc pro tunc entries is restricted ordinarily to the subsequent recording of judicial action previously and actually taken. It is a simple device by which a court may make its journal speak the truth."
(Citations omitted.) In re Estate of Cook (1969), 19 Ohio St.2d 121,127, quoting Natl. Life Ins. Co. v. Kohn (1937), 133 Ohio St. 111, 113. However, a nunc pro tunc entry is not appropriate where "it reflects a substantive change in [the] judgment." State ex rel. Litty v.Leskovyansky (1996), 77 Ohio St.3d 97, 100. Moreover, "[i]t is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide." McKay v. McKay (1985),24 Ohio App.3d 74, 75.
Here, RPC's fourth-party complaint seeks indemnification for any amount which RPC is found to be liable to the Lambs and "an award of all costs and expenses." The first part of RPC's claim is for indemnification, and is therefore, rendered moot by the trial court's entry of summary judgment in favor of RPC and our decision affirming the trial court's entry of summary judgment. However, we find that we must address this issue due to the claim for costs and expenses.
The trial court's order entering summary judgment does not discuss or analyze RPC's claim against Corporate Mechanical under the agreement between those parties or otherwise. We can find no evidence in the record that this issue was previously and actually addressed by the trial court. Further, while the issue raised before the trial court was Corporate Mechanical's motion for summary judgment, the trial court'snunc pro tunc entry dismisses RPC's claim against Corporate Mechanical. Although Corporate Mechanical urges us to presume that the trial court intended to enter summary judgment on this issue, the trial court's nuncpro tunc order enters a dismissal. Hence, we conclude that we must reverse the trial court's nunc pro tunc entry regarding the dismissal of RPC's claim against Corporate Mechanical and remand the matter to the trial court for a determination of RPC's claim. RPC's cross-assignment of error is sustained.
 III.
Appellants' assignments of error are overruled. Cross-appellant's assignment of error is sustained. The entry of summary judgment by the trial court is affirmed, and the trial court's nunc pro tunc dismissal of RPC's claim against Corporate Mechanical is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs of the appeal taxed to the Lambs and costs of the cross-appeal taxed to Corporate Mechanical.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J. CARR, J. CONCUR
[1] Evidence of spoliation of evidence — namely the destruction of the ladder at issue here by Summit Mall — would only go to the issue of liability if Summit Mall and RPC had actively participated in, and hence may be liable for, the incident at issue herein. Such evidence of spoliation, if any, is not relevant to our resolution of whether Summit Mall and RPC may be liable on the Lambs' complaint herein.