OPINION
Willie C. Young is appealing from a December 18, 2000 decision of the trial court denying his motion for reconsideration of an earlier decision filed November 15, 2000, which dismissed Young's[1] complaint in its entirety for Young's failure to comply with the requirements of R.C.2969.25(C), which requires statements of the balance of an inmate's account for each of the preceding six months certified by the cashier and a statement that sets forth all the cash and things of value owned by the inmate when the complaint is filed.
Young then filed a motion for reconsideration and for leave to amend his complaint, together with one statement of his cash balance in his account and the institution.
In the December 18, 2000 judgment entry, the court denied Young's motions stating: "Since the matter has been dismissed, this motion to amend is not well founded and is DENIED." Docket 24. The court then went on, however, purporting to change the November 15 final appealable order into not a final appealable order, nunc pro tunc and sua sponte.
The State filed a motion to dismiss the appeal since it was not from a final appealable order.
We find that the trial court was without power to amend its final appealable order of November 15, 2000, to one purporting not to be a final appealable order. McGowan v. Giles (Mar. 16, 2000), Cuyahoga App. No. 76332, unreported. The court there stated the trial court is without jurisdiction to modify an order dismissing a cause with prejudice to one without prejudice, unless the requirements of Civ.R. 60 are met. And, further, that changing a final appealable order into one that is not final and appealable is not the correction of a clerical error, which refers to inadvertent mistakes in the record. One cannot, retroactively, de-finalize a final appealable order. See In Re Estate of Cook (1969), 19 Ohio St.2d 121, 127; McKay v. McKay (1985),24 Ohio App.3d 74; State, ex rel. Litty v. Leskobyansky (1996),77 Ohio St.3d 97, all of which, together with other authorities, were relied upon by the court in McGowan.
Young did not timely appeal from the November 15, 2000, final order dismissing his case and, therefore, this court is without jurisdiction to entertain the appeal. The State's motion to dismiss is overruled on its stated grounds, but the appeal is nevertheless hereby DISMISSED.
WOLFF, P.J. and GRADY, J., concur.
[1] The appellant and the author of this opinion are not related.