DECISION AND JUDGMENT ENTRY
This is an appeal from the December 14, 1999 "Order" of the Lucas County Court of Common Pleas granting the motion for judgment entry nuncpro tunc filed by appellee, Bill Brenneman, Sr., d/b/a Brenneman Construction ("Brenneman"). Also before this court is Brenneman's motion to dismiss the appeal filed by appellant, Ray L. Cureton ("Cureton"), on the basis that the "Order" appealed from was not final or appealable and the appeal was not filed within thirty days of the original judgment entry, which was filed on July 22, 1998. For the reasons that follow, we reverse the December 14, 1999 nunc pro _tunc order entered by the trial court and deny Brenneman's motion to dismiss the present appeal.
Cureton was injured on October 25, 1993. He was working on a job supervised by Brenneman. Brenneman did not participate in the workers' compensation system on Cureton's behalf, as Brenneman considered Cureton to be a subcontractor. Nevertheless, Cureton sought workers' compensation benefits as a result of his injuries. On July 20, 1995, a staff hearing officer for the Bureau of Workers' Compensation ("BWC") determined that Cureton had a right to workers' compensation benefits. Brenneman appealed the BWC's order to the Industrial Commission. On September 27, 1995, the Industrial Commission "refused" Brenneman's appeal, thereby affirming the previous decision by the staff hearing officer.
On November 27, 1995, Brenneman appealed the BWC matter to the trial court. In response to Brenneman's appeal in the trial court, Cureton filed a petition in which he asserted that he was entitled to workers' compensation benefits and that, because Brenneman was a non-complying employer pursuant to the Ohio Workers' Compensation Act, Brenneman was liable to Cureton for negligence in having failed to supply a safe workplace. The BWC administrator filed an answer to Cureton's petition, wherein the administrator admitted that Cureton was employed by Brenneman. In his answer, Brenneman denied that Cureton was his employee. The matter was scheduled for trial to be held on January 13, 1997.
On May 23, 1997, Cureton filed a "Motion to Enforce Settlement," claiming that, prior to trial, Brenneman offered and Cureton accepted settlement of Cureton's common law claims of negligence for the sum of $5,100, due in April 1997. Cureton alternatively argued in his motion that he was entitled to attorney fees he incurred in defense of Brenneman's workers' compensation appeal, totaling $2,500. On June 27, 1997, Cureton filed an "Amended Motion to Enforce Settlement or Set Cureton's Common Law Claims for Trial." Cureton sought enforcement of the alleged $5,100 settlement offer, an award for attorney fees, and, alternatively, that if the court did not enforce the settlement or award him attorney fees, that the matter be scheduled for trial on his common law claims.
On August 14, 1997, Brenneman filed a "Motion for Clarification." In his motion, Brenneman stated that he had not reviewed or offered a settlement in a definitive sum, but stated that direct payments had been made to Cureton, totaling $11,568.41. Additionally, Brenneman stated that "[a]n existing employer obligation to the State of Ohio [was] pending through these proceedings in the approximate sum of $10,000, and the maturing C.D. certificate of $10,000, did mature in April and payment of $9940.00 was made to the State of Ohio."
The trial court set the matter for pretrial and ordered that the matter be set for trial on March 11, 1998. The trial court further held:
 "The oral motion to reinstate the case is hereby granted. The motion to enforce the settlement is hereby denied. Motion for fees continued to the completion of the case."
The matter eventually proceeded to bench trial on July 20, 1998. The BWC did not participate in the trial.
Following trial, on July 22, 1998, the trial court filed "Findings of Facts Conclusions of Law." The trial court stated as follows:
 "This case was initially filed as an appeal from a decision of the Industrial Commission filed August 03, 1995. This appeal was dismissed and a complaint filed by [Cureton] remained and proceeded to trial."
The trial court then made the following relevant findings of fact:
 "1. On October 25, 1993, [Cureton] was injured while working on a job for Bill Brenneman. On October 25, 1994, Cureton filed a negligence action against Mr. Brenneman which was later dismissed and refiled. This issue of negligence proceeded to trial.
* * *
 "4. Mr. Cureton must prove the following things for his lawsuit:
(A) That he was an employee of Mr. Brenneman;
 (B) That Mr. Brenneman was a non-complying employer;
(C) That Mr. Brenneman was negligent; and
(D) The resulting damages to Mr. Cureton.
 "5. The facts reflect that Mr. Cureton was installing siding at the direction of Mr. Brenneman but the issue is whether he is an employee or an independent contractor.
 "6. The facts further reflect by a preponderance of the evidence that Mr. Cureton was paid by Mr. Brenneman by the amount of work accomplished (by the square). He was paid in cash with no taxes or withholding removed. Mr. Cureton received a 1099 tax form for the year of 1993 which indicated that he was a sub contractor, the materials used were supplied by the apartment building in question, neither the ladders, the saws, nor the tools were supplied by Mr. Brenneman. The workers were allowed to begin work and end at their discretion. Mr. Brenneman did retain the right to inspect the amount of work accomplished as well as the finished produce [sic] or quality of the work."
The trial court then concluded that "the evidence most strongly [favored] that Mr. Cureton at the time of [the] incident was an independent contractor rather than an employee. Therefore, he [did] not have a cause of action against Mr. Brenneman." The trial court then held, "It is therefore ORDERED, ADJUDGED and DECREED and the Court finds that Mr. Cureton was not an employee of Mr. Brenneman and, therefore, no cause of action may be sustained; it is further ORDERED, ADJUDGED and DECREED that the Court enters judgment in favor of [Brenneman].
On December 4, 1998, the BWC administrator filed an "Amended Motion for Judgment Entry Nunc Pro Tunc." Specifically, the administrator sought "clarification in the terms of the original Findings of Fact 
Conclusions of Law filed on July 22, 1998." The administrator requested that the second to last paragraph read: "It is therefore ORDERED, ADJUDGED and DECREED and the Court finds that Mr. Cureton was not an employee of Mr. Brenneman, the claimant, Mr. Cureton, is not entitled toparticipate in the Ohio workers' compensation fund for the injury allegedherein, and, therefore, no cause of action may be sustained; ***." On December 31, 1998, the trial court denied the BWC's motion.
On December 3, 1999, Brenneman filed a "Motion for Judgment Entry NuncPro Tunc" wherein he requested that the trial court's July 22, 1998 decision be clarified with the following language: "It is therefore ORDERED, ADJUDGED and DECREED, and the Court finds that pursuant to theCourt jurisdiction stated in Sec. 4123.512, ORC, the claimant, Mr.Cureton, is not entitled to participate in the Ohio Workers' CompensationFund for the injury alleged herein . . ." Brenneman asserted, as did the BWC, that the action was instituted as an appeal from an adverse determination by the BWC and the Industrial Commission that Cureton was an employee and that the issue of the appeal was whether Cureton could participate in the Workers' Compensation Fund. As such, Brenneman argued, "The Court in its Entry determined that Mr. Cureton was not an employee of Mr. Brenneman. The legal consequence of that decision is to reverse the Order of the Industrial Commission and deny Mr. Cureton the right to participate in the benefits of the Workers' Compensation Fund." Brenneman then argued that the Industrial Commission needed clarification in the judgment entry in order to apply the law of the case.
To illustrate the necessity for clarification, Brenneman relied on a July 12, 1999 "FINDINGS OF FACT AND ORDER OF THE COMMISSION." In this order, the Industrial Commission stated that based on its misinterpretation of the trial court's July 22, 1998 decision, it erroneously had denied Cureton benefits. The Industrial Commission vacated its prior order denying benefits and reasoned as follows:
 "The above order is issued pursuant to the provisions of R.C. 4123.52 that provides the Industrial Commission with continuing jurisdiction to correct an order that was issued based upon an error of fact. Such jurisdiction was exercised due to a misunderstanding of the court entries submitted to the claim file. Upon further review of those entries, it appears that the appeal filed under R.C. 4123.512 was dismissed and the court's entry pertains to a negligence action that does not directly arise under the provisions of R.C. 4123.512. Consequently, since the determination of the separate negligence action does not affect the status of the workers' compensation claim under R.C. 4123.512, it was a mistake of fact to conclude that the decision of the Lucas County Court of Common Pleas rendered a determination regarding the status of Claim No. L60091-27." (Emphasis added.)
Even with the Industrial Commission's apparent understanding that the trial court's July 22, 1998 decision did not affect the status of Cureton's BWC claim, the trial court nevertheless granted Brenneman's motion to modify the trial court's decision. On December 14, 1999, without allowing Cureton time to respond to Brenneman's motion, the trial court ordered that the judgment entry be amended as follows:
 "It is therefore ORDERED, ADJUDGED AND DECREED and the Court finds that pursuant to the jurisdiction of the Court as set forth in R.C. Section 4123.512, the claimant, Mr. Cureton, is not entitled to participate in the Ohio Workers' Compensation Fund for the injury alleged herein."
It is from this "Order" that Cureton appeals and raises the following assignments of error:
 "I. The trial court erred in entering a judgment in a cause of action over which it had no jurisdiction.
 "II. The trial court erred and violated Civil Rule 60(A) (nunc pro tunc) by making a substantive change in the judgment.
 "III. The trial court erred and violated the doctrine of res judicata.
"IV. The trial court erred by violating the law of the case.
 "V. The trial court erred by violating local rules and depriving appellant of his right to be heard."
Insofar as we determine Cureton's second assignment of error to be dispositive of the issue before us, we will begin with that assignment of error. Cureton argues that the trial court's judgment entry nunc protunc exceeds that which is allowed by Civ.R. 60(A). Specifically, Cureton argues that the trial court did not correct an error in the record arising from an oversight or omission, but that it made a substantive change in the judgment. We agree.
Courts possess inherent authority to correct errors in judgment entries so that the record speaks the truth. State ex rel. Fogle v. Steiner
(1995), 74 Ohio St.3d 158, 163-164, citing In re Estate of Cook (1969),19 Ohio St.2d 121, paragraph four of the syllabus. "However, nunc protunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. Webb v. W. Res. Bond Share Co. (1926),115 Ohio St. 247, 256, * * *; see State v. Greulich (1988),61 Ohio App.3d 22, 25, * * *." Fogle at 164.
Courts also possess the power to correct a clerical error pursuant to Civ.R. 60(A). "However, this rule is applied to inadvertent clerical errors only, Cale Products, Inc. v. Orrville Bronze Alum. Co. (1982),8 Ohio App.3d 375, 378, fn. 1, and cannot be used to change something which was deliberately done, Security Mut. Cas. Co. v. Century Cas. Co. (C.A. 10, 1980), 621 F.2d 1062, 1065." Dentsply Internatl., Inc. v.Kostas (1985), 26 Ohio App.3d 116, 118.
The trial court's December 14, 1999 nunc pro tunc order clearly did not reflect what the court actually decided and was not merely a correction of an inadvertent clerical error. In its decision, the trial court specifically stated that Brenneman's appeal had been dismissed and noted that the issue before the court was the negligence action filed by Cureton. Additionally, recognizing that Brenneman's BWC appeal had been dismissed, the trial court had Cureton proceed as plaintiff during the trial on his negligence action. As such, it is clear that the trial court was not considering in its decision whether Cureton was permitted to participate in the workers' compensation fund; rather, it was only considering whether Cureton had established his negligence action against Brenneman. By adding to its July 22, 1998 decision that Cureton was "not entitled to participate in the Ohio Workers' Compensation Fund for the injury alleged," the trial court added a substantive change to the decision that was not previously before the trial court for its consideration or determination. Insofar as the trial court attempted to alter a matter that was not previously decided by it, we find that the December 14, 1999 nunc pro tunc order was erroneously entered.
Cureton's second assignment of error is therefore found well-taken. Because our ruling on the second assignment of error reverses the decision of the trial court, we find that the remainder of Cureton's assignments of error are rendered moot and, hence, denied.
We further find that Brenneman's motion to dismiss Cureton's appeal is found not well-taken. The errors about which Cureton appeals did not arise until the trial court filed its erroneous nunc pro tunc order on December 14, 1999. As such, there was no reason for Cureton to raise these errors in an appeal from the July 22, 1998 judgment entry.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the December 14, 1999 order of the Lucas County Court of Common Pleas is reversed and vacated. Accordingly, the language in the trial court's July 22, 1998 judgment remains the same. This matter is remanded to the trial court. Costs of this appeal to be paid by Brenneman.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________ KNEPPER, J., Judge
 Melvin L. Resnick, J., James R. Sherck, J. CONCUR.