[Cite as *Am. Mut. Share Ins. Corp. v. Hughes*, 2012-Ohio-1347.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97148**

---

# AMERICAN MUTUAL SHARE INS. CORP., ET AL.

PLAINTIFFS-APPELLANTS/
CROSS-APPELLEES

vs.

# MARTIN J. HUGHES, JR.

DEFENDANT-APPELLEE/
CROSS-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-517015

**BEFORE:** Rocco, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 29, 2012

**ATTORNEYS FOR APPELLANTS/CROSS-APPELLEES**

George J. Argie
Lou D'Amico
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, Ohio   44143


**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

Michael N. Schaeffer
Scott N. Schaeffer
Kemp, Schaeffer & Rowe Co., L.P.A.
88 West Mound Street
Columbus, Ohio   43215

KENNETH A. ROCCO, J.:

{¶1} In this appeal and cross-appeal assigned to the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1, plaintiff-appellant American Mutual Share Insurance Corporation and defendant-appellee/cross-appellant Natalie A. Hughes, as Administrator for the Estate of Martin J. Hughes, Jr., appeal from the order of the trial court, issued nunc pro tunc, that dismissed this action with prejudice.

{¶2} The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assoc.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶3} Appellant and appellee/cross-appellant both present the same single assignment of error for this court's review. Both assert that the trial court erred by issuing a nunc pro tunc entry stating that the case had been previously settled and ordered the case dismissed with prejudice.

{¶4} In light of the fact that the parties agree the trial court's order was issued in error, and the fact that the trial court's use of a nunc pro tunc entry was improper, the assignment of error is sustained.

{¶5} The record of this case reveals it was filed in 2003, and after protracted motion practice, the parties came to an agreement to dismiss the case without prejudice.

The parties drafted an order to that effect with the word "without" set forth in bold type. The trial court signed the order and filed it with the clerk on March 31, 2010.

{¶6} On July 12, 2011, the trial court issued a judgment entry "nunc pro tunc" as of and for March 31, 2010, that stated, "the parties indicated that this matter ha[d] settled and as such this matter is dismissed with prejudice." The parties filed this appeal and cross-appeal from that order, asserting that the trial court's action was improper.

{¶7} This court agrees on the authority of *Moore v. Houses on the Move, Inc.*, 177 Ohio App.3d 895, 2008-Ohio-3552, N.E.2d 579 (8th Dist.), which stated as follows at ¶15-17:

> * * * The effect of this entry was to change the *substantive* nature of the [prior] order and to extinguish any claims that plaintiff had against [defendant].
>
> The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so that the record speaks the truth. *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 127, 48 O.O.2d 113, 249 N.E.2d 799. The function of a nunc pro tunc order is *not to change, modify, or correct* erroneous *judgments*, but merely to have the record speak the truth. Id. A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. However, *a trial court may not use a nunc pro tunc entry to enter of record that which it* intended to or might have done but which *in fact it did not do. McKay v. McKay* (1985), 24 Ohio App.3d 74, 24 OBR 129, 493 N.E.2d 317; *Webb v. W. Res. Bond & Share Co.* (1926), 115 Ohio St. 247, 153 N.E. 289. See also *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 671 N.E.2d 236; *Pepera v. Pepera* (Mar. 26, 1987), Cuyahoga App. Nos. 51989 and 52024, 1987 WL 8586.
>
> Here, we find that * * * [t]he trial court used the nunc pro tunc order to change or correct its prior judgment entry. However, *this modification is more than a simple correction of a clerical error*; rather, *it substantially altered what the court had entered* [previously], and was far beyond the scope of correcting a clerical mistake. Accordingly, we find that the [final] journal entry that dismissed * * * defendant was improper and prejudicial to the plaintiff." (Emphasis added.)

**{¶8}** Based upon the foregoing, the appellants' and the cross-appellant's identical assignment of error is sustained.

**{¶9}** The order of the trial court is reversed, and this case is remanded for further proceedings.

It is ordered that appellee and appellants share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR