[Cite as *Tate v. Tate*, 2018-Ohio-1245.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBYN M. TATE | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case Nos.  17CA013 |
| BRUCE E. TATE, ET AL. | : |             17CA014 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Domestic Relations Division,
                                Case No. 15DR019

JUDGMENT:                       Appeals Dismissed


DATE OF JUDGMENT:               March 29, 2018


APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants

LON  R. VINION                          JAMES M. RICHARD
3431 Commerce Parkway                   127 East Liberty Street, Suite 100
Suite C                                 P.O. Box 1207
Wooster, OH  44691                      Wooster, OH  44691

R.J. Helmuth                            ALETHA M. CARVER
343 South Crownhill Road                4775 Munson Street, NW
P.O. Box 149                            P.O. Box 36963
Orrville, OH  44667                     Canton, OH  44735-6963

                                        GRANT A. MASON
                                        The Lincoln Building
                                        88 South Monroe Street
                                        Millersburg, OH  44654

*Wise, Earle, J.*

{¶ 1}  Defendants-Appellants, Bruce E. Tate (Case No. 17CA013) and Tate Farms Company, Ltd. and Tate Farms, a Partnership (Case No. 17CA014), appeal the June 26, 2017 statement of the case, findings of fact, conclusions of law, and decision filed nunc pro tunc by the Court of Common Pleas of Holmes County, Ohio, Domestic Relations Division.  Plaintiff-Appellee is Robyn M. Tate.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  On February 14, 1998, Bruce Tate and appellee were married.  No children were born as issue of the marriage.

{¶ 3}  In 1997, prior to the parties' marriage, Bruce, together with father, mother, and brother, formed Tate Farms Company, Ltd.  In 2004, the same parties entered into a written partnership agreement, forming Tate Farms, a Partnership.

{¶ 4}  On March 10, 2015, appellee filed a complaint for divorce against Bruce, and also named the Tate Farms entities.

{¶ 5}  On June 23, 2015, the Tate Farms entities filed a motion to dismiss.  The trial court took the matter under advisement.

{¶ 6}  Hearings were held on September 19, 21, 22, 23, 29, and October 10, 2016.  At the conclusion of the September 29, 2016 hearing, the Tate Farms entities moved for a directed verdict.  By judgment entry filed October 11, 2016, the trial court granted the motion and dismissed the Tate Farms entities from the case.

{¶ 7}  On October 28, 2016, the Tate Farms entities filed a motion for sanctions followed by an affidavit detailing the attorney fees incurred.

{¶ 8} On February 13, 2017, the trial court issued a statement of the case, findings of fact, and conclusions of law. The trial court referred to attached Exhibits A, B, and C which were not attached. Also on February 13, 2017, the trial court filed a judgment entry denying the Tate Farms entities' motion for sanctions.

{¶ 9} On February 24, 2017, the Tate Farms entities filed a notice of appeal (Case No. 17CA001).

{¶ 10} On March 30, 2017, the trial court issued a decree of divorce, attaching Exhibits A and B, but not C.[1]

{¶ 11} On April 4, 2017, Bruce filed a notice of appeal (Case No. 17CA004).

{¶ 12} On April 7, 2016, the Tate Farms entities filed an amended notice of appeal to incorporate the divorce decree.

{¶ 13} On April 25, 2017, Bruce filed with the trial court a motion for a nunc pro tunc order to address the missing Exhibit C. The trial court did not rule on this motion.

{¶ 14} On May 15, 2017, Bruce filed with this court a motion to correct the record under App.R. 9(E), seeking a limited remand to address the missing exhibit. By judgment entry filed June 8, 2017, this court granted the motion and remanded the matter to the trial court to address the April 25, 2017 motion for a nunc pro tunc order and the missing exhibit. On June 26, 2017, the trial court filed a nunc pro tunc statement of the case, findings of fact, conclusions of law, and decision, attaching the missing Exhibit C. The trial court made substantive changes to its previous decision.

{¶ 15} Appellants filed notices of appeal on July 5, and 20, 2017.

---

[1] We note the decree did not specifically reference Exhibit C, although it did adopt and incorporate the February 13, 2017 filing which did.

{¶ 16} In their appellate briefs, appellants argue the trial court was without jurisdiction to make substantive changes to its previous decision. We agree.

{¶ 17} Pursuant to this court's limited remand, the trial court was to address the April 25, 2017 motion for a nunc pro tunc order to include the missing Exhibit C. In *Douglass v. Provia Door, Inc.,* 5th Dist. Tuscarawas No. 2012 AP 05 0034, 2013-Ohio-2853, ¶ 46, this court explained the purpose of a nunc pro tunc as follows:

The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so that the record speaks the truth. *In re Estate of Cook* (1969), 19 Ohio St.2d 121, 127. The function of a nunc pro tunc order is *not to change, modify, or correct* erroneous *judgments,* but merely to have the record speak the truth. *Id.* A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. However, *a trial court may not use a nunc pro tunc entry to enter of record that which it* intended to or might have done but which *in fact it did not do. McKay v. McKay* (1985), 24 Ohio App.3d 74; *Webb v. W. Res. Bond & Share Co.* (1926), 115 Ohio St. 247. *See also State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St .3d 97; *Pepera v. Pepera* (Mar. 26, 1987), Cuyahoga App. Nos. 51989 and 52024. (Emphasis sic.)

{¶ 18} In its nunc pro tunc decision, the trial court properly exercised its jurisdiction on remand to attach the missing exhibit, but exceeded its authority in making

substantive changes to its February 13, 2017 findings of fact and conclusions of law which in effect was in conflict with the March 30, 2017 divorce decree.

{¶ 19} The nunc pro tunc decision is only valid as it pertains to the inclusion of Exhibit C.  The rest of the decision is invalid and is of no force and effect.  *National Life Insurance Company v. Kohn,* 133 Ohio St. 111, 11 N.E.2d 1020 (1937).

{¶ 20} This court will review Exhibit C within the context of the trial court's February 13, 2017 filing, the March 30, 2017 divorce decree, and the appeals filed in 17CA001 and 17CA004.

{¶ 21} As this court has nothing to review under the appeals sub judice, the appeals are dismissed.

By Wise, Earle, J.

Delaney, P.J. and

Gwin, J. concur.


EEW/db