Jones, J.
 

 Two questions were argued and presented to this court for determination: (1) The power of the trial court, after term, to enter the
 
 nunc pro tunc
 
 judgment of February 3, 1923, and its. effect upon the parties to that suit; and (2) whether such
 
 nunc pro tunc
 
 entry can affect strangers to that suit, where such strangers are found to be pre-existing creditors who had knowledge at the time their attachment suits were filed “that all parties to the original suit had supposed that the judgment ran against John A. Logan.”
 

 First. It is claimed that the trial court had no power to modify its judgment
 
 nunc pro tunc,
 
 for the reason that such action would be a modification of the jury’s verdict. Under the authorities of this state, and elsewhere, that contention cannot
 
 *255
 
 be sustained. This judgment was the action of the court and not of the jury. The trial court found that the latter were instructed to return a verdict for the plaintiff on the two causes of action against both defendants who answered jointly. The trial court stated to the jury that, in instructing them to render a verdict for the plaintiff, he relieved the jury of making any mistake and assumed all responsibility. The action of the trial court in directing a verdict on the issues joined between the parties is not a new procedure; it is frequently exercised in our practice, and this court has on many occasions recognized that right. The power to direct a verdict cannot be questioned; but, if the court errs, its judgment is subject to review in its application of the law to the facts not in dispute. That feature of the case is not now before us, for it is presumed that the court acted correctly, since the findings of fact show that the Products Company and Logan filed a joint motion for a new trial, and both prosecuted error to the Court of Appeals, and later filed a motion in this court to have their record certified. As stated, this court has frequently upheld this power in the trial court, and has declared the law to be that, where the material facts in controversy are admitted, and not in dispute, it is not only the function, but the duty, of the court to direct a verdict. As stated by Ranney, J., in
 
 Ellis & Morton
 
 v.
 
 Ohio Life Ins. & Trust Co.,
 
 4 Ohio St., 628, 645 (64 Am. Dec., 610):
 

 “The law of every case, in whatever form pre: sented, belongs to the court; and it is -not only the
 
 *256
 
 right of the judge, but his solemn duty, to decide and apply it.”
 

 And in the case of
 
 Cincinnati Gas & Electric Co.
 
 v.
 
 Archdeacon, Adm’r.,
 
 80 Ohio St., 27, at page 39, 88 N. E., 125, 127, Shauck, J., very pertinently observed:
 

 “It is subversive of the public.interests and pro-motive of no right of either party to continue a contest before a jury when nothing is involved but the application of the law to a state of facts conclusively established.”
 

 For additional authorities, see
 
 Cornell
 
 v.
 
 Morrison,
 
 87 Ohio St., 215, 100 N. E., 817,
 
 Bassenhorst
 
 v.
 
 Wilby,
 
 45 Ohio St., 333, 13 N. E., 75, and
 
 Sobolovits
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634. This procedure is also recognized by the federal courts. In the case of
 
 C., M. & St. P. R. R. Co.
 
 v.
 
 Coogan,
 
 271 U. S., —, 46 S. Ct., 564, 70 L. Ed.. —, decided June, 1926, Mr. Justice Butler in the course of his opinion said:
 

 “It is the duty of a trial judge to direct a verdict for one of the parties when the testimony and all the inferences Avhich the jury reasonably may draAV therefrom would be insufficient to support a different finding.”
 

 Having held that the action of the trial court in the instant case was one by the court and not by the jury, it is well established that, if the entry of the court does not actually speak the truth, the trial court has the power, after the term, to make an entry
 
 nunc pro tunc
 
 showing not what it might have decided, or have intended to decide, but what it actually did decide.
 

 
 *257
 
 Section 11631, General Code, par. 3, authorizes the common pleas court to modify its own judgment after the term for a mistake or irregularity of the clerk. In its entry of February 3, 1923, the court finds that it had directed a verdict for plaintiff against both defendants, and that the clerk had inadvertently omitted the name of Logan from the verdict, whereas it should have been inserted in both the verdict and judgment rendered at the time. Since the entry at the former term did not speak the truth, the exercise by the court of its power to make it so speak is binding upon the parties to the action, and, as to them, the judgment
 
 nunc pro tunc
 
 relates back to the time that it was actually rendered. Whether or not the trial court erred in correcting the judgment and finding, that he actually made the decision referred to cannot now be questioned by the parties to that action, since this would be a collateral attack upon the
 
 nunc pro tunc
 
 judgment of February 3, 1923, which could only be reviewed by direct proceedings in error seeking to reverse that judgment. The power of the court in ordering
 
 nunc pro tunc
 
 entries after term extends to the power to make the journal entry speak the truth.
 
 Reinbolt
 
 v.
 
 Reinbolt,
 
 112 Ohio St., 526, 147 N. E., 808;
 
 Jacks
 
 v.
 
 Adamson,
 
 56 Ohio St., 397, 47 N. E., 48, 60 Am. St. Rep., 749;
 
 Homeseekers’ Loan Ass’n.
 
 v.
 
 Gleeson,
 
 133 Cal., 312, 65 P., 617.
 

 Second. A question of greater importance is Avhether, under the facts found by the Court of Appeals, the plaintiffs in error, as pre-existing creditors, especially Avith the notice they had, ob
 
 *258
 
 tained any priority as against the amended judgment of the Bond Company. All of them were preexisting creditors whose debts accrued'before the original judgment was rendered; none of them were innocent or
 
 bona fide
 
 purchasers for value at the time they filed their petitions and attachments. The first of these petitions were filed on the same day that the motion
 
 nunc pro tunc
 
 was filed.
 

 The law touching that subject is found in the text-books as follows: “If one not a party to the action has, when without notice of the rendition of the judgment or of the facts from which such notice must be imputed to him, advanced or paid money or property, or, in other words, has become a purchaser or incumbrancer in good faith and upon a valuable consideration, then the subsequent entry of such judgment
 
 nunc pro tunc
 
 will not be allowed to prejudice him; otherwise, its effect against him is the same as if it had been entered at the proper time.” 1 Freeman on Judgments, Section 138.
 

 Or, as elsewhere stated: “A judgment entered
 
 nunc pro tunc
 
 on an official bond takes effect as of the date for which it is entered, as against creditors of the judgment defendant who have in the meantime obtained judgment liens for pre-existing obligations, when it does not appear that they have been misled, or have parted with value, or acquired rights during the interval elapsing between the date of the judgment and the time of making the
 
 nunc pro tunc
 
 entry.” 15 Ruling Case Law, p., 629.
 

 Both of these texts, as well as other adjudicated
 
 *259
 
 cases, cite the case of
 
 Leonard
 
 v.
 
 Broughton,
 
 120 Ind., 536, 22 N. E., 731, 16 Am. St. Rep., 347, wherein the syllabus supported the text’. In the discussion of that case, the judge, delivering the opinion, said:
 

 “It -appears from the facts averred that the judgments in favor of the appellants were rendered upon pre-existing obligations, their rights were fixed prior to the rendition of the judgments, and it does not appear that they were misled or that they parted with anything of value, or acquired any rights during the interval which elapsed between the date the judgment should have been properly entered and the making of the
 
 nunc pro tunc
 
 entry, except that they acquired a judgment lien; and the rule is that the general lien of a judgment creditor upon lands of his debtor is subject to all equities' existing against the lands of the judgment debtor in favor of third persons at the time of the recovery of the judgment.”
 

 The rule in the
 
 Broughton case
 
 was applied in
 
 Davidson
 
 v.
 
 Richardson,
 
 50 Or., 323, 89 P., 742, 91 P., 1080, 17 L. R. A., (N. S.), 319, 126
 
 Am.
 
 St. Rep., 738, and is also supported in principle in
 
 Close
 
 v.
 
 Gillespey,
 
 3 Johns. (N. Y.), 526.
 

 It will be noted that in the case at bar the motion to amend the original judgment
 
 nunc pro time
 
 was filed on the same day that the first petition in attachment was filed. This motion, therefore, was constructive notice from that time. Furthermore, each attachment was levied by the sheriff upon the property of Logan two days or more after January 20, 1923, when the Bond Company filed its motion
 
 *260
 
 for a
 
 nunc pro tunc
 
 modification of its original entry.
 

 The Court of Appeals found as a fact that the attaching creditors are not innocent lienholders with intervening rights, but they, “on the contrary, are pre-existing creditors whose debts accrued before the judgment above referred to was entered, and, furthermore, that these defendants and their counsel were advised before their suits and attachments * * * were filed that all parties to the original suit had supposed that the judgment ran against John A. Logan.”
 

 While plaintiffs in error knew nothing else beyond the entries oh the appearance dockets and journal of the common pleas court, there is a definite finding that the attachment creditors were advised that all parties to the original suit supposed that the judgment ran against Logan. The Court of Appeals, therefore, found that they were not innocent lienholders with intervening rights, and that they were not misled by the error that crept into the original judgment, “having had both actual and constructive knowledge before such suits were instituted.” “A
 
 nunc pro tunc
 
 entry will not be allowed to affect injuriously the rights of innocent third parties who have acquired rights without notice of the rendition of any judgment.” 15 Ruling Case Law, p. 628.
 

 The case of
 
 Coe
 
 v.
 
 Erb,
 
 59 Ohio St., 259, 52 N. E., 640, 69 Am. St. Rep., 764, has been cited by counsel for both parties in this case. But there it appears that, besides other infirmities in the original judgment, the intervening third party was
 
 *261
 
 a
 
 bona fide
 
 purchaser for value of the premises in question, and he had no notice of the rendition of any judgment whatever. In the course of the opinion, at page 266 (52 N. E., 642), Judge Sp¿ar said, in respect to this
 
 bona fide
 
 purchaser, that “it would seem to follow necessarily that, where the innocent purchaser has had no notice of the application for the order
 
 nunc pro tunc,
 
 the judgment so ordered entered should not be held to preclude him. ’ ’
 

 It therefore follows that under the facts found by the Court of Appeals, since the intervening. attachment creditors were all pre-existing creditors and had been definitely advised before their suits were filed that all parties to the original, suit supposed that the judgment ran against Logan, whose premises they subsequently attached, those creditors obtained no priority, in equity, as against the amended judgment of the Bond Company.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Matthias, Day and Kinicade, JJ., concur.