## SUPREME COURT
### Cases Decided

No. 325

STATE ex PHILLIPS et v. INDUSTRIAL COMM.

No. 20164. Supreme Court

In Mandamus. Decided March 22, 1927.

681. JURISDICTION—When an attorney represents a claimant for compensation through all courts and the Supreme Court remands same to Common Pleas for execution and same is done, the Common Pleas exhausts its jurisdiction and cannot later award attorney's fees.

747. MANDAMUS—Mandamus will not lie against the Industrial Commission to compel them to pay attorneys fees awarded by the Common Pleas after judgment in the action has been paid.

PER CURIAM.

This is an original action in mandamus in which the relators seek a writ of mandamus. The relators in the amended petition state that they were attorneys for one Joe Phillips in asserting a claim against the Industrial Commission which was carried thru and affirm by the Supreme Court.

On May 10, 1926, they filed in the Cuyahoga Common Pleas a motion to tax costs and fix fees of relators as such attorneys and upon hearing, in which the prosecutor of Cuyahoga County appeared for resondents, judgment was entered for $4000 in favor of relators.

No motion for new trial was ever filed, nor were any proceedings to vacate, etc., ever instituted, and respondent refuses to pay. A writ of mandamus is prayed for, commanding respondent to pay the fees allowed.

The Industrial Commission in their answer say that upon affirmance by the Supreme Court the case was remanded to the Cuyahoga Common Pleas to collect the judgment and for no other purpose; and that the judgment and costs had been paid. It is averred that all this was done many months previous to June 24, 1926 and at the time the journal entry was spread, the Cuyahoga Common Pleas had exhausted its jurisdiction over the parties.

1. Upon the rndisputed facts presented by the pleadings a peremptory writ of mandamus cannot be awarded the relators. Under the provisions of 1465-90 GC., authority is conferred to tax against the unsuccessful party the costs of any legal proceeding authorized by that section, including the attorney's fee for the claimant's attorney, to be fixed by the trial judge.

2. However, it here appears that no question of the allowance of an attorney's fee or the taxing of same as a part of the costs was raised or presented in the trial court, and no action whatever taken with reference thereto until after the judgment in favor of Phillips had been affirmed by the Court of Appeals and the Supreme Court and the cause remanded to the Court of Common Pleas for execution. The costs which were taxed became a part of the judgment which was submitted to, and affirmed by, the Court of Appeals and the Supreme Court, and that judgment has been paid.

3. This proceeding in mandamus is based upon subsequent action of the trial court after the affirmance of the judgment in the Supreme Court, and upon hearing the trial court rendered a further judgment for attorney fees in favor of the plaintiff.

4. No action was then pending in that court. The suit had terminated in final judgment, which, upon proceedings in error, was affirm:. and remanded to the trial court for execut: The trial court had no further authority in the matter and certainly could not render an additional judgment for attorney fees, or medical expenses, or any other item which under the law could have been considered in making of an award and the rendition of judgment thereon.

5. The action taken by the trial court was not in the nature of a nunc pro tunc entry. It was not a case of mere clerical error, or an omission to put in the record and enter on the journal action which had in fact been taken by the court. No such action had been taken; hence this case does not come within the rule under which a nunc pro tunc entry may be made to supply some omission in the entry of what had been done at a preceding term. Hickman v. Fort Scott, 141 U. S. 415 and In Re. Wight, U. S. 136.

6. Hence the court was without power to go further than to require the entry of that which had been done, but had been omitted from the record. The court being without authority to render an additional judgment, there was nothing upon which to base the proceeding in mandamus.

Writ denied.

(Marshall, CJ., Day, Allen, Kinkade, Jones & Matthias, JJ., concur. Robinson, J., dissents.)

Attorneys—M. C. Harrison, Cleveland, for relators; C. C. Crabbe, E. C. Turner, Atty. Gen. and R. R. Zurmehly, Columbus, for respondent.