## OHIO FUEL GAS CO v GFELL

Ohio Appeals, 6th Dist, Huron Co
No 267. Decided April 23, 1930

James A. Butler and Joseph B. Keenan, both of Cleveland, for Gas Co.

Young & Young, Norwalk, for Gfell.

RICHARDS, J.

Looking to the averments of the petition we find it alleged that while the plaintiff, in driving his automobile, "was passing an automobile truck belonging to the defendant and driven by its employe engaged in the scope of his employment", the injury occurred, the petition then containing the usual averments of negligence on the part of the defendant. The defendant's answer admits that the accident occurred at the time and place averred "between an automobile driven by the plaintiff and an automobile truck owned by the defendant. Defendant denies that it or its agents or servants were in any manner negligent so as to cause or contribute to the cause of the aforesaid accident". The answer further denies each and every allegation in the petition except those specifically admitted to be true. The defendant having admitted the ownership of the automobile truck and denied that its agents or servants were in any manner negligent so as to cause the injury, has in fact pleaded what may properly be denominated a negative pregnent. The language of the answer quoted is such as may well be construed to be an admission that the truck was being operated by its agents or servants and a denial that they were in any manner negligent.

The bill of exceptions contains the opening statements made by counsel. In the course of the opening statement to the jury by Mr. Young, counsel for plaintiff, he gave in detail the circumstances under which the accident occurred, as claimed by plaintiff, and then used this language, referring to the driver of the automobile truck immediately after the accident:

> "All he did say, maybe, was to go to the telephone and call the gas company, as near as I can remember, and tell them he had an accident."

Counsel for the gas company, in making the opening statement, used the following language:

> "Mr. Young has given you quite a complete resume of just what happened. Nothing much that I need to answer, Mr. Young, except to say that he did not have a fracture of the skull, but this did not happen just quite as Mr. Young has explained to you."

Counsel for the company thereupon proceeded to state the circumstances under which the collision occurred as contended by the company and minimizing the extent of the injuries. Nothing whatever was said with regard to any claim that the driver of the truck was not an employe of the company engaged at the time in its business. He concluded his opening statement to the jury with the following:

> "The gist of the lawsuit, as we see it, is one of veractiy on the part of the drivers,—the driver of the plaintiff's

car and the veracity of the driver of our truck. It is our contention that the accident occurred on the left side of the road, with the right side entirely open, so that Gfell had ample opportunity to get by."

After making some further statements as to the circumstances under which the collision happend, counsel for the defendant closed his opening statement. At the conclusion of the evidence offered on behalf of the plaintiff, counsel for the defendant rested their case without offering any evidence and the court thereupon charged the jury. In the course of this charge the trial judge said nothing to the jury upon the subject of the agency of the operator of the truck and at the close of the general charge the court made the following inquiry:

"Have counsel anything further to suggest that should be said to the jury?"

Nothing being suggested by either counsel, the jury was permitted to retire. Counsel for defendant had, however, made a request that three special propositions be submitted to the jury and they were in fact submitted by the court to the jury, but no one of them had any reference to the question of agency of the man operating the truck. Both counsel for the plaintiff and the trial judge seem to have understood by the pleadings that no question was made as to the agency of the driver of the truck and that no denial was made of the allegation that he was an employe of the defendant acting within the scope of his employment. The opening statements of counsel were evidently made with that understanding. Either counsel for the defendant were not relying upon a denial of agency or, if they were so relying, they must have deliberately refrained from asking the question and the case was submitted to the court and jury upon the issues as to negligence and contributory negligence only. The court having said nothing in the general charge upon the subject of agency and having asked counsel if they had anything further to suggest, if counsel for the defendant were relying upon a claim that the driver of the truck was not the agent of the company, it was highly proper that they should then have made a request to charge to that effect. The conduct of the defense throughout the trial does not bear evidence of the candor that should be exercised in the trial of lawsuits. A trial in court is not properly a contest of wits, nor can it justly be used as an attempt to mislead either opposing counsel, the court, or the jury.

The withdrawal of the motion for a new trial indicates that counsel wished to leave the case in such condition that if they could prevail in their contention that the agency of the driver of the truck was in issue, they would be in shape to insist on a final judgment in favor of the gas company notwithstanding the meritorious character of plaintiff's case as shown by the record before us.

It may be stated that in the argument of this case in this court, counsel for the gas company was inquired of by the court as to whether they claimed that the driver of the truck was not an employe of the gas company and engaged in its service at the time of the collision, and answered by stating that it was the custom in the county where he practiced to file such an answer as would put the plaintiff on proof on that matter.

Counsel for the gas company rely for a reversal of the judgment on

**Coal Co. vs. Rivoux, 88 Ohio St., 18,**
**Soblovitz vs. Lubric Oil Co., 107 Ohio St., 204,**
**Gas Co. vs. Brodbeck, 114 Ohio St., 423,**
**Webb vs. Bond & Share Co., 115 Ohio St., 247.**

We recognize the force of those cases and that it must appear, if the matter is put in issue, that the employe was engaged at the time in his employer's business and acting within the scope of his employment, but the rule announced in those cases should not be so perverted as to defeat the ends of justice.

For the reasons given the judgment will be affirmed.

Williams and Lloyd, JJ., concur.