COUNTS v WORTMAN

Ohio Appeals, 4th Dist, Ross Co.
Decided May 13, 1930

John P. Phillips, Chillicothe, Gordon Phillips, Chillicothe, and Byron Blair, for Counts.

Walter W. Boulger, Chillicothe, Willard C. Walter, Chillicothe, and Knepper & Wilcox, Columbus, for Wortman.

**MAUCK, J.**

to be given by the court. The case of **Tren-tino v. Cox, 115 OS. 247,** does not support the position of the plaintiff in error. It supports the proposition that pedestrian need not as a matter of law constantly watch the automobile. We see no error in refusing the charge.

The plaintiff in error complains of defendant's special charge number two given to the jury before argument as follows:

> "The court charges you that **6310-36 GC** provides pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching'. Therefore if in this case the plaintiff failed to observe this statute and failed to look in the direction from which the automobile of Clyde Wortman was approaching, and that his failure to look was the direct cause of his injury, then your verdict should be for the defendant."

It is argued on behalf of the plaintiff that this is an incorrect statement of the law for the reason that it says if the failure to look was the direct cause of the accident the verdict should be for the defendant and omits to use the word proximate cause. The charge does not use the words a direct cause but limits it to **the** direct cause of the accident. The words are sometimes loosely used. There is a distinction between the words direct and proximate. A cause may be a direct cause of an accident and not be a proximate cause. We doubt if the jury was misled by the charge. But even if it is erroneous it does not require a reversal in the view we take of the case. We think there was no error on the part of the court with reference to the other charges.

Even tho there should be some merit in the plaintiff's contention as to the special charges, all of which have reference to the conduct of the plaintiff and contributory negligence, this court is not in a position to reverse the judgment for the reason that the bill of exceptions does not contain anything to support the claim of negligence on the part of the defendant. The answer of the defendant contains a general denial, and so far as we know the jury may have decided the case on the issue made in the pleadings that there was no negligence on the part of the defendant. Negligence will not be presumed from the mere proof of the collision, and there is nothing in the record to show defendant's negligence. The bill of exceptions states that the defendant offered evidence tending to prove that the plaintiff stepped immediately in front of defendant's car without looking to his left and was struck before he reached the middle of the highway. The jury may have decided the case on that issue. The special charges complained of refer wholly to the defense of contributory negligence on the part of the defendant and even tho there was error in one or more of them it would not require a reversal by this court. This jury in this case returned a general verdict.

Judgment on a general verdict will not be reversed for error in instructions of the court relating exclusively to one of the issues, there being no error in the instruc-

**BLOSSER, J.**

Before argument the plaintiff requested that his charge number one be given to the jury as follows:

> "I charge you that if you find plaintiff looked both ways before he started across the road and saw a car coming to his left at a distance of approximately 150 feet, and that a reasonable man would have concluded that he could cross the street in safety, then the plaintiff had a right to proceed across said street without looking again to his left."

The court refused to give this instruction and this is urged as error. The test is not what a reasonable man would have concluded but it is what an ordinarily cautious and prudent man with due regard for his own safety would have done under the circumstances of the occasion. From a reading of the charge as requested one might understand the court to mean as a matter of law that the plaintiff had a right to proceed across the street without looking again to his left; that the plaintiff having looked once could proceed without looking again. That is a matter to be left entirely to the jury as to his keeping a lookout for his own safety, and not a matter of law

tions on the other issue.

Ochnor v. Traction Co., 107 OS. 33.

Finding no prejudicial error in the record the judgment is affirmed.

Middleton, PJ., and Mauck, J., concur.