OPINION
Defendant-appellant Tyrel Simmons appeals from a judgment rendered by the Belmont County Common Pleas Court, Juvenile Division, amending its previous judgment to indicate that probable cause existed. For the following reasons, the judgment of the trial court is vacated.
 STATEMENT OF THE FACTS
On June 3, 1998, plaintiff-appellee State of Ohio charged appellant with assault. The complaint alleged that appellant, who was five years old, knowingly caused or attempted to cause physical harm to a three-year-old girl in violation of R.C. 2903.13(A). Appellant denied the charges.
On July 15, 1998, a pretrial hearing was held. The trial court continued the case so that appellant could complete counseling.
On July 28, 1999, the trial court held a dispositional hearing. Upon learning that appellant had completed counseling, the trial court reviewed the case file. The trial court stated, "Oh, I see it here. I see it in the file now. [The counselor] gave him a good report. * * * From reviewing the file I do see there was some probable cause for this investigation * * *." (Tr. 2). The trial court later commented, "[t]here was probable cause. I saw the pictures. I remember the case." (Tr. 3). The same day, the trial court filed a judgment entry which merely stated, "case dismissed."
On August 26, 1999, the trial court issued an amended judgment entry which stated, "journal entry dated July 28, 1999 amended as follows: * * * The [c]ourt, after reviewing the case file, finds that there was some probable cause in this matter. Due to completion of [c]ourt orders, case ordered dismissed." This appeal followed.
 ASSIGNMENTS OF ERROR
Appellant sets forth three assignments of error on appeal. These assignments of error have a common basis in law and fact and will therefore be discussed together. They respectively allege:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY REOPENING THIS CASE AFTER IT WAS DISMISSED, AND ENTERING A FINDING THEREIN, WITHOUT NOTICE TO THE APPELLANT."
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, AND ABUSED ITS DISCRETION, BY MAKING A FACTUAL FINDING THAT `PROBABLE CAUSE' EXISTED FOR THE FILING OF THE CHARGE WHEN THERE WAS NO HEARING HELD OR EVIDENCE ENTERED INTO THE RECORD IN THIS CASE."
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, AND VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO NOTICE, RIGHT TO COUNSEL, RIGHT OF CONFRONTATION AND DUE PROCESS OF LAW, BY ENTERING THE SAID ORDER."
Appellee argues that the August 26, 1999 entry reflected the actual finding at the hearing. While it was not labeled a nunc pro tunc entry, appellee contends that appellant was not harmed by the modification.
 LAW AND ANALYSIS
Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." Anunc pro tunc entry is only appropriate when a court desires to correct a clerical error or to put in the record and enter on the journal action which in fact had been taken by the court but not properly noted.Phillips v. Indus. Comm. of Ohio (1927), 116 Ohio St. 261, 264. In short, it is utilized to supply information which existed but was not recorded. State v. Greulich (1988), 61 Ohio App.3d 22, 24. The August 26, 1999 entry was not labeled "nunc pro tunc." However, the content of an entry, not its label or title, determines the nature of the document.St. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 123. Nonetheless, the August 26, 1999 judgment entry must be vacated.
The July 28, 1999 judgment entry did not mention the existence of probable cause. It merely stated what the trial court intended, i.e. that the case was dismissed. We are aware that the trial court noted the presence of probable cause at the dispositional hearing. This, however, was not sufficient to issue a nunc pro tunc entry. The absence of a finding of probable cause on the first judgment entry was not a clerical mistake. It was not something that was inadvertently excluded. In fact, the trial court never undertook to ascertain whether probable cause existed. No adjudicatory hearing was held. No witnesses testified. No evidence was introduced. The only item in the record explaining what allegedly happened is the complaint. As such, the trial court could not have found the existence of probable cause. Because no finding of probable cause could have been made at the dispositional hearing, the trial court erred when it issued a nunc pro tunc entry which included such a finding. Appellant's assignments of error have merit.
For the foregoing reasons, the August 26, 1999 judgment entry is hereby vacated.
 __________________ VUKOVICH, P.J.
Donofrio, J., concurs, Waite, J., concurs.