JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Max Taogaga, appeals from the judgment of the Cuyahoga County Court of Common Pleas finding him guilty of one count of aggravated burglary, seven counts of kidnapping and two counts of aggravated robbery, and sentencing him to fifteen to forty years incarceration. Finding merit to appellant's appeal, we are compelled to vacate appellant's sentence and remand once again for resentencing.
 {¶ 2} On January 7, 1996, appellant was the driver of the get-away car for three men who broke into the private residence of a suspected bookmaker, held nine people at gunpoint and ransacked the home looking for money. When they did not find the expected hoard of cash, the men stole money from the victims' persons. They then signaled appellant via a cellular telephone and escaped.
 {¶ 3} On October 21, 1997, the Cuyahoga County Grand Jury indicted appellant on one count of aggravated burglary, seven counts of kidnapping and four counts of aggravated robbery, all with firearm specifications. Two of the robbery counts were subsequently dismissed.
 {¶ 4} The jury found appellant guilty on all counts. It acquitted him of the firearm specifications, however, and found that the kidnapped victims were released in a safe place unharmed. At the sentencing hearing in July 1998, the trial court gave appellant the choice of being sentenced under Senate Bill 2, the comprehensive revision of Ohio's sentencing law effective July 1, 1996, or under pre-Senate Bill 2 law, because although the crimes at issue occurred prior to the effective date of Senate Bill 2, the trial and verdict were rendered after the effective date.
 {¶ 5} Appellant elected to be sentenced pursuant to Senate Bill 2. The trial judge sentenced him to eight years on each count with the terms for the seven kidnapping counts to be served consecutively and the terms for the burglary and robbery to be served concurrently. Thus, as this court subsequently noted, appellant was sentenced to a de facto life sentence, even though one of the burglars who pleaded guilty for his role in the crimes received a total sentence of five to twenty-five years. State v. Taogaga (Dec. 11, 2000), Cuyahoga App. No. 75055.
 {¶ 6} This court affirmed appellant's direct appeal of his conviction on December 13, 1999. The Supreme Court of Ohio subsequently denied jurisdiction to hear an appeal.
 {¶ 7} On February 25, 2000, appellant filed a petition to reopen his appeal. Appellant argued that his appellate counsel was ineffective for not arguing that he was erroneously sentenced under Senate Bill 2. In an entry dated December 11, 2000, this court held that appellant establishe[d] that there is a genuine issue as to whether he was deprived of the effective assistance of counsel because pursuant to State v. Rush (1998), 83 Ohio St.3d 53, decided two days after appellant filed his initial appeal, the sentencing provisions of Senate Bill 2 are applicable only to crimes committed on or after its effective date. We noted that if appellate counsel had properly framed the sentencing issue, the result of the appeal would likely have been different, resulting in a reversal and remand for resentencing.
 {¶ 8} Accordingly, we reopened appellant's appeal, assigned counsel for appellant and set a new briefing schedule. Apparently appellant also retained counsel for his new appeal. Appellant's assigned and retained counsel filed separate briefs on behalf of appellant, each requesting that appellant be resentenced by the trial court under pre-Senate Bill 2 law.
 {¶ 9} The State apparently agreed that appellant should be resentenced because on May 23, 2001, before the State had filed its response brief, appellant's retained counsel filed a Notice of Withdrawal which stated:
 {¶ 10} "Now comes defendant-appellant, Max Taogaga, by and through counsel, Sam A. Eidy, and hereby gives Notice of his Withdrawal, from consideration, of his Brief, filed April 30, 2001, in the above-entitled cause and action. Defendant-Appellant makes this withdrawal due to mutual agreement with the Office of the Prosecuting Attorney for Cuyahoga County to grant the relief sought within the Brief."
 {¶ 11} That same day, the trial court resentenced appellant as follows: count one, eight to twenty-five years incarceration; counts two through eight, seven to fifteen years incarceration on each count; counts nine and ten, eight to twenty-five years incarceration. The trial judge ordered all counts to be served concurrently except count two, which was ordered to be served consecutive to count one, for a total of fifteen to forty years, the maximum allowed under pre-Senate Bill 2 law.
 {¶ 12} On June 6, 2001, two weeks after the sentencing hearing, appellant's assigned counsel filed a "Motion for Voluntary Dismissal Pursuant to Rule 28," which stated:
 {¶ 13} "Now comes Appellant Max Taogaga, by and through counsel, and does hereby move this Honorable Court for an order dismissing the above-referenced appeal. As grounds for this motion, Appellant states that on May 23, 2001, pursuant to agreement with Appellee State of Ohio, Appellant was resentenced by the trial court consistent with pre-Senate Bill Two law."
 {¶ 14} On June 13, 2001, this Court entered the following order:
 {¶ 15} Pursuant to the May 23, 2001 Notice of Withdrawal and the June 6, 2001 Motion for Voluntary Dismissal Pursuant to Rule 28, both filed by the appellant, this court nunc pro tunc remands this case for resentencing on May 23, 2001, and dismisses the reopened appeal. The State is to pay costs on reopening.
 {¶ 16} On June 22, 2001, appellant filed a notice of appeal from the May 23, 2001 sentencing order, raising four assignments of error for our review.
 {¶ 17} We reach only the first assignment of error because it is dispositive of this case. In his first assignment of error, appellant contends that the trial court was without jurisdiction to resentence him on May 23, 2001 because his reopened appeal was still pending before this court. We agree.
 {¶ 18} Once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court except where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is perfected. Stewart v. Zone Cab of Cleveland (Jan. 31, 2002), Cuyahoga App. No. 79317, citing Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. Thus, for example, a trial court retains jurisdiction when a case is on appeal to consider such matters as contempt and appointment of a receiver, or, in a criminal matter, a motion for judicial release pursuant to R.C. 2929.20 or a motion for postconviction relief pursuant to R.C. 2953.21.
 {¶ 19} Here, however, the trial court decided the very issue to be determined on appeal — whether appellant should be resentenced under pre-Senate Bill 2 law — when it resentenced appellant on May 23, 2001. Because the appeal had not been decided by this court and the case had not been dismissed or remanded to the trial court as of May 23, 2001, however, the trial court had no jurisdiction to do so.
 {¶ 20} The transcript of the May 23, 2001 sentencing hearing indicates that the trial judge, appellant's counsel and the prosecutor all erroneously believed that appellant's appeal had been dismissed, thereby restoring jurisdiction in the trial court.
 {¶ 21} The Notice of Withdrawal filed by appellant's counsel on May 23, 2001 was insufficient, however, to dismiss appellant's appeal.
 {¶ 22} App.R. 28, regarding voluntary dismissals, provides:
 {¶ 23} If the parties to an appeal or other proceeding shall sign and file with the clerk of the court of appeals an agreement that the proceedings be dismissed and shall pay whatever costs are due, the court shall order the case dismissed.
 {¶ 24} An appeal may be dismissed on motion of the appellant upon such terms as may be fixed by the court.
 {¶ 25} Here, the Notice of Withdrawal was not signed by all the parties to the appeal and, therefore, did not constitute an agreement pursuant to App.R. 28 that the appeal be dismissed. Moreover, it is apparent from the rule that a dismissal, either pursuant to an agreement by the parties or upon motion, requires an order from this court. The record in this case, however, reflects that as of May 23, 2001, this court had not entered any order dismissing the appeal. Accordingly, as of that date, appellant's appeal was still pending and, therefore, the trial court had no jurisdiction to resentence appellant.
 {¶ 26} Contrary to the State's argument, this court's June 13, 2001 nunc pro tunc order remanding the case for resentencing on May 23, 2001 and dismissing the reopened appeal was ineffective in conferring jurisdiction upon the trial court as of May 23, 2001.
 {¶ 27} In Associated Estates Corp. v. City of Cleveland (Aug. 5, 1991), Cuyahoga App. No. 75958, we stated:
 {¶ 28} The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action so that the record speaks the truth. In re Estate of Cook (1969), 19 Ohio St.2d 121, 127. A nunc pro tunc order literally means `now for then.' A trial court may exercise its nunc pro tunc authority in limited situations to correct clerical errors. A nunc pro tunc order may not be used to show what the court might or should have decided, or intended to decide, but what it actually did decide. McKay v. McKay (1985), 24 Ohio App.3d 745. Such an order is limited to memorializing what the trial court actually did at an earlier point in time. State ex rel. Phillips v. Indus. Comm. (1927), 116 Ohio St. 261. A court may not use a nunc pro tunc entry to enter of record that which it intended or might have made but which in fact was not made. Webb v. W. Res. Bond Share Co. (1926), 115 Ohio St. 247. See, also, State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97.
 {¶ 29} Here, this court's June 13, 2001 nunc pro tunc order did not correct any clerical error. Rather, it attempted to dismiss appellant's appeal as of May 23, 2001. In short, it attempted to enter of record an order that was never made. A nunc pro tunc order cannot be used for this purpose.
 {¶ 30} The State contends that appellant invited the error, however, and, therefore, cannot now complain about any technical deficiencies in the withdrawal of his appeal and resentencing. This argument admittedly has some appeal (no pun intended). The record reflects that appellant's counsel contacted the prosecutor's office during the pendency of appellant's appeal and all counsel then met with the trial judge regarding resentencing. The record also reflects that resentencing proceeded on May 23, 2001 without any objection from appellant's counsel and upon representation that appellant's appeal had been withdrawn. Thus, it appears that appellant did indeed invite the jurisdictional error of which he now complains.
 {¶ 31} As the Supreme Court of Ohio pointed out in Davis v. Wolfe, 92 Ohio St.3d 549, 2001-Ohio-1281, however, the doctrine of invited error is not applicable to subject matter jurisdiction. In Davis, the State filed a motion to revoke a defendant's probation. At the hearing on the State's motion, the defendant and the State jointly requested that the trial court toll the probationary period until the probationer had completed a diversion program for another offense. The trial court granted the State's motion and tolled the probationary period until the State reinstated it by motion. The trial court subsequently reinstated the defendant's probation upon the State's motion, but later revoked it and reinstated the defendant's original prison sentence when he failed to comply with several conditions of probation.
 {¶ 32} The defendant then filed a petition for a writ of habeas corpus, alleging that the trial court lacked jurisdiction to revoke his probation and send him to prison because his probationary period had expired. The court of appeals granted the writ and ordered the defendant released from prison. On appeal to the Supreme Court of Ohio, the State argued that the court of appeals had erred in granting the writ because the defendant had invited the error by requesting that the probationary period be tolled.
 {¶ 33} The Ohio Supreme Court rejected the State's argument, however, stating:
 {¶ 34} Under [the doctrine of invited error], a party is not permitted to take advantage of an error that he himself invited or induced the court to make. This doctrine, however, is merely a branch of the waiver doctrine. And the issue of subject-matter jurisdiction * * * cannot be waived and can be raised at any time. Therefore, the mere fact that [the defendant] requested that the common pleas court toll the probationary period does not preclude him from asserting that the court lacked jurisdiction to do so. (Citations omitted). Id. at 552.
 {¶ 35} Moreover, we cannot agree with the State that jurisdiction is a mere technical deficiency that somehow should be overlooked because everyone agreed to do so. It is obviously essential to the validity of any judgment that the court rendering that judgment should have jurisdiction, not only over the parties, but over the subject matter. Tari v. State (1927), 117 Ohio St. 481, 485, citing Chicago, Burlington Quincy Railroad Co. v. Chicago (1897), 166 U.S. 226.
 {¶ 36} Because appellant's appeal was still pending before this court on May 23, 2001, and there was no order either dismissing or remanding the matter, the trial court was patently and unambiguously without jurisdiction to resentence appellant. Where the trial court enters an order without jurisdiction, its order is void and a nullity. Stewart v. Zone Cab of Cleveland (Jan. 31, 2001), Cuyahoga App. No. 79317, citing Cashelmara Condominium Unit Owners v. Cashelmara Co. (July 15, 1993), Cuyahoga App. No. 63076. A void judgment puts the parties in the same position they would be in if it had not occurred. Stewart, supra, citing Romito v. Maxwell, Warden (1967), 10 Ohio St.2d 266, 267.
 {¶ 37} Appellant's first assignment of error is therefore sustained. Appellant's sentence is vacated and the matter is remanded for resentencing. In addition, consistent with our opinion, this Court's nunc pro tunc order dated June 13, 2001 in State v. Taogaga, Cuyahoga App. No. 75055, is sua sponte vacated and an order dismissing appellant's reopened appeal is entered as of today's date. Accordingly, jurisdiction for resentencing under pre-Senate Bill 2 law, as previously agreed to by the trial judge, appellant's counsel and the prosecutor, is restored in the trial court.
 {¶ 38} This cause is remanded for further proceedings consistent with the opinion herein.
It is therefore ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and COLLEEN CONWAY COONEY, J. CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).