[Cite as *Trunzo v. Debt Recovery Solutions of Ohio, Inc.*, 2012-Ohio-6078.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| TERRY L. AND CAROL S. TRUNZO | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiffs-Appellants | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 0036 |
|  | : |  |
|  | : |  |
| DEBT RECOVERY SOLUTIONS OF | : | O P I N I O N |
| OHIO, INC. | | |
|  |  |  |
| Defendant-Appellee | | |


CHARACTER OF PROCEEDING:           Civil Appeal from Mansfield Municipal
                                   Case No. 2011 CVH 01409

JUDGMENT:                          Affirmed In Part and Reversed and
                                   Remanded In Part

DATE OF JUDGMENT ENTRY:            December 19, 2012

APPEARANCES:

For Plaintiffs-Appellees                For Defendant-Appellant

TERRY L. AND CAROL S. TRUNZO            JOHN ALLEN HOLMES
655 Bangorville Road                    76 North Mulberry Street
Bellville, Ohio  44813                  Mansfield, Ohio  44902

*Edwards, J.*

{¶1} Appellants, Terry and Carol Trunzo, appeal a summary judgment of the Mansfield Municipal Court awarding summary judgment to appellee Debt Recovery Solutions of Ohio, Inc.

## STATEMENT OF FACTS AND CASE

{¶2} On June 3, 2011, appellee filed the instant action alleging that it was the assignee of various unpaid accounts against appellants. The complaint alleged that appellants owed $313.44 for health care services rendered by Mid-Ohio Heart Clinic, Inc., plus prejudgment interest in the amount of $18.72. The complaint alleged that appellants owed $894.00 for services rendered by Dermatology Associates of Mansfield, Inc., plus prejudgment interest in the amount of $101.32. Finally, the complaint alleged that appellant owed $6.92 for services provided by Radiology Associates of Mansfield, Inc., plus prejudgment interest in the amount of $1.03.

{¶3} Appellants filed an answer, alleging in part that the surgery performed by Dr. Wood of Dermatology Associates was careless and inferior, leaving appellant Carol Trunzo with a large lump on her face which has caused her much pain, suffering and embarrassment. Appellant also filed a counterclaim alleging that appellee had not provided notice of the debts as required by the Fair Debt Collection Practices Act (FDCPA).

{¶4} Appellee filed a motion for summary judgment. Attached to the motion was the affidavit of John Holmes, attorney for appellee, in which he averred that he had complied with the FDCPA in collecting the instant debt. Appellee also filed the affidavit of Kathy Shambre, president of appellee, in which she averred that the balances due on

the accounts after receiving payments in June were $123.87 to Mid-Ohio Heart, $894.00 to Dermatology Associates, and $6.92 to Radiology Associates. Her affidavit stated that collection notices were sent to appellants on March 3, 2009, regarding past-due accounts of Radiology Associates and Dermatology Associates and June 18, 2009 regarding Mid-Ohio Heart Clinic. She further stated that all collection action taken by appellee was compliant with the FDCPA.

{¶5} Appellants filed a response to the motion for summary judgment. Appellant did not attach any materials of evidentiary quality to their response. They attached photocopies of checks to Mid-Ohio Heart in the amount of $123.87 and Radiology Associates of Mansfield in the amount of $6.92, a photograph that purports to be the lump on Carol Trunzo's forehead, and a copy of the notice they received under the FDCPA regarding the assignment of the Mid-Ohio Heart account to appellee. None of these exhibits were authenticated.

{¶6} Appellee responded that all of the principal balances due for medical bills to Mid-Ohio Heart and Radiology Associates had in fact been paid in full. They noted in their response that appellants had presented no expert evidence of medical malpractice.

{¶7} The court denied the motion for summary judgment on March 13, 2012, finding that there were genuine issues of material fact. The court then granted summary judgment on April 2, 2012. The court awarded appellee $123.87 plus prejudgment interest in the amount of $14.81 on the Mid-Ohio Heart account, $894.00 plus prejudgment interest in the amount of $127.73 on the Dermatology Associates

account, and $6.92 plus prejudgment interest in the amount of $1.25 on the Radiology Associates account. The court dismissed appellants' counterclaim.

{¶8} Appellants filed a notice of appeal on May 1, 2012. On June 5, 2012, the court issued a nunc pro tunc judgment awarding damages in the amount of $14.81 for prejudgment interest owed on the Mid-Ohio Heart account, $894.00 plus prejudgment interest in the amount of $127.73 on the Dermatology Associates account, and prejudgment interest in the amount of $1.25 on the Radiology Associates account.

{¶9} Appellants assign a single error on appeal:

{¶10} "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF-APPELLEE, DEBT RECOVERY SOLUTIONS OF OHIO, INC."

{¶11} At the outset, we note that appellee has filed a motion to dismiss the appeal as moot based on the nunc pro tunc judgment filed by the court on June 5, 2012.

{¶12} The purpose of a nunc pro tunc judgment is restricted to placing upon the record evidence of judicial action which has actually been taken. *State, ex rel. Phillips, v. Indus. Comm.*, 116 Ohio St. 261, 155 N.E. 798 (1927). It can be exercised only to supply omissions in the exercise of functions which are merely clerical *Jacks v. Adamson*, 56 Ohio St. 397 (1897). It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. *Webb v. Western Reserve Bond & Share Co.*, 115 Ohio St. 247, 153 N.E. 289 (1926).

{¶13} In the instant case, the nunc pro tunc judgment does not reflect what the court actually decided nor does it correct only clerical omissions. The entry shows what the court intended to decide regarding damages, not what the court actually decided.

Therefore, the entry is not a proper nunc pro tunc entry. The trial court entered final judgment on April 2, 2012, and that entry was appealed on May 1, 2012. The court therefore did not have jurisdiction to alter that judgment on June 5, 2012. Appellee's motion to dismiss is accordingly overruled.

{¶14} We next turn to the merits of appellants' assignment of error.

{¶15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶16} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine

issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶17} Appellants first argue that the court erred in awarding damages in the amount of $123.87 on the Mid-Ohio Heart account and $6.92 on the Radiology Associates account because these amounts had already been paid. Appellee conceded in their reply memorandum to appellants response to their summary judgment motion that the principal balances due Mid-Ohio Heart and Radiology Associates had been paid in full. As noted above, the trial court's attempt to correct the amount of damages in the judgment entry by way of a nunc pro tunc entry was improper because the court lacked jurisdiction to do so. Therefore, we find that the judgment appealed from does incorrectly award damages for principal balances due Mid-Ohio Heart and Radiology Associates when these amounts had been paid.

{¶18} Appellants next argue that the court erred in only giving them one week to provide expert testimony to prove medical negligence. They argue that the obvious large red lump on Carol Trunzo's forehead as well as their testimony at the pre-trial conference creates a genuine issue of disputed fact.

{¶19} The record does not reflect that appellants were given only one week to provide expert testimony. To the extent such conversations occurred at a pre-trial

conference, they were not placed on the record and appellants have not demonstrated error in the record. While there is a picture attached to appellants' response to the summary judgment motion, this picture is not authenticated and is not therefore proper evidence. Further, if any testimony was taken at the pre-trial conference, there is no transcript of this hearing. Appellants therefore have not demonstrated from the record that the court erred regarding their claim of medical negligence.

{¶20} Finally, appellants argue that the court erred in dismissing their counterclaim. Appellee presented affidavit testimony demonstrating compliance with the FDCPA. Appellants presented no evidence to rebut this testimony in response to the motion for summary judgment. The court therefore did not err in granting summary judgment dismissing the counterclaim.

{¶21} The assignment of error is sustained as to the amount of damages. In all other respects, the assignment of error is overruled.

{¶22} The judgment of the Mansfield Municipal Court is affirmed in part and reversed in part and this cause is remanded to that court for further proceedings as to the amount of damages.  Costs split evenly between the parties.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/r1113

[Cite as *Trunzo v. Debt Recovery Solutions of Ohio, Inc.*, 2012-Ohio-6078.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| TERRY L. AND CAROL S. TRUNZO | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DEBT RECOVERY SOLUTIONS OF OHIO, INC. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 0036 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is affirmed in part and reversed in part and remanded to that court for further proceedings. Costs split evenly between the parties.

_____

_____

_____

JUDGES