[Cite as *State v. Straley*, 2013-Ohio-3334.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | |
| | : | DECISION AND |
| GREGORY S. STRALEY, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Released: 07/24/2013 |

APPEARANCES:

Gregory S. Straley, Chillicothe, Ohio, pro se, Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, J.:

{¶ 1}  This is an appeal from a judgment of the Highland County Court of Common Pleas.  Appellant had filed a "Motion to Correct Registration and Classification Scheme." In response to said motion, the trial court vacated the classification and registration reporting requirements of five of the eight counts to which the appellant pleaded guilty.  The trial court overruled appellant's motion for the remaining three counts.  The trial court also issued a nunc pro tunc judgment entry on March 22, 2012 that listed appellant as a Tier I sex offender, instead of his classification given at sentencing as a Tier III sex offender.  For the following reasons, the judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with this opinion.

{¶ 2}  Appellant, Gregory S. Straley, sets forth one assignment of error:

" THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO CORRECT REGISTRATION AND  CLASSIFICATION SENTENCING."

{¶3} The record reveals the following facts. On January 9, 2009, appellant entered a plea of guilty to two counts of gross sexual imposition, third degree felonies, in violation of R.C. 2907.05(A)(4), three counts sexual battery, second degree felonies, in violation of R.C. 2907.03(A)(5), two counts of gross sexual imposition, fourth degree felonies, in violation of R.C. 2907.05(A)(1), and one count sexual battery, a third degree felony, in violation of R.C. 2907.03(A)(5). At the sentencing hearing, the trial court classified appellant as a Tier III sex offender and sentenced him to thirty-five years and ten months in prison. The judgment entry of confinement of January 9, 2009 did not specify appellant's sex offender classification. The appellant filed a direct appeal of his conviction and sentence to this court on February 6, 2009. We affirmed appellant's convictions in *State v. Straley*, 4th Dist. No. 09CA4, 2009-Ohio-6170.

{¶ 4} On January 30, 2012, appellant filed a "Motion to Correct Registration and Classification Scheme," asking the court to resentence him under proper sentencing guidelines. Appellant relied upon the Ohio Supreme Court's ruling in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, which found that S.B. 10, based on the federal Adam Walsh Act, violated the Ohio Constitution with respect to sex offenders who committed offenses prior to its enactment.

{¶ 5} The trial court vacated appellant's classification and registration reporting requirements as a Tier III sex offender as to counts one, two, five, six, and seven of the indictment to which he had pleaded guilty. The trial court overruled appellant's motion as to the remaining counts eight, nine, and twelve because it reasoned that the criminal conduct occurred between May 1, 2007 and February 10, 2008.[1]

---

[1] The indictment alleges that "[b]eginning on May 1, 2007 and continuing through February 10, 2008" the defendant engaged in various forms of criminal conduct.

{¶6}  On February 2, 2012, appellant filed his notice of appeal of the denial of his motion with respect to the three (3) counts.  On March 22, 2012 the trial court issued a nunc pro tunc judgment entry of confinement stating that appellant is a Tier I sex offender rather than a Tier III sex offender.

{¶ 7}  Appellant sets forth several arguments within his sole assignment of error.  First, he argues that the trial court erred by classifying him under S.B. 10, Ohio's Adam Walsh Act. He also contends the court failed to inform him under Crim.R.11 about the two different classification schemes set forth in Ohio's Adam Walsh Act and Ohio's Megan's Law.  Appellant contends that he would not have pleaded guilty if he had been advised of the additional burdens of Ohio's Adam Walsh Act.  Lastly, appellant claims that the nunc pro tunc judgment entry issued by the trial court invalidly changed his sentencing from a Tier III offender to a Tier I offender.

{¶ 8}  This appeal raises constitutional issues regarding the retroactive application of S.B. 10, codified in R.C. Chapter 2950.  To the extent that we must interpret and apply [the Ohio Revised Code], our review is de novo.  *State v. Knowlton*, 2012-Ohio-2350, 971 N.E.2d 395 ¶ 29 (4th Dist.).  *See, also State v. Rayburn*, 4th Dist. No.09CA6, 2010-Ohio-5693, ¶25.

{¶ 9}  Ohio's current sex offender registration requirements are codified in R.C. Chapter 2950.  The current classification system was enacted by S.B. 10, Ohio's version of the federal Adam Walsh Act.  Before enactment of S.B. 10 (Ohio's Adam Walsh Act), Ohio's "Megan's Law" governed classification of sex offender requirements.  Ohio's Megan's Law subjected a sex offender to registration requirements based upon his adjudication as a sexually oriented offender, habitual sex offender, or sexual predator.  *State v. Lawson*, 1st Dist. Nos. C-120077 & C-120067, 2012-Ohio-5281, ¶ 10.  The General Assembly replaced Ohio's Megan Law with

S.B. 10. *Id.* at ¶ 11. Under S.B. 10, which became effective January 1, 2008, a sex offender is classified under a three-tiered structure automatically based upon the offense convicted. [The] classification determines [the] registration requirements; and those requirements are more onerous than those provided for under Megan's Law. *Id.*

{¶ 10} The Supreme Court of Ohio has held that S.B.10 or Ohio's Adam Walsh Act, "as applied to defendants who committed sex offenses prior to its enactment violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *State v. Williams*, 129 Ohio St.3d at 344, 2011-Ohio-3374, 952 N.E.2d 1108, at syllabus.

{¶ 11} After the *Williams* decision, appellant filed a motion to correct his sex-offender registration requirements. In his motion, appellant argued that he should be resentenced under the appropriate sentencing guidelines. The trial court vacated his registration requirements for all counts except eight, nine, and twelve because appellant committed those offenses after January 1, 2008.

{¶ 12} The time frame during which the criminal conduct was alleged to take place for counts eight, nine, and twelve was "beginning on May 1, 2007 and continuing through February 10, 2008." Since the criminal acts are alleged to have occurred during the time prior to the enactment of S.B. 10 and also during the time after the enactment of S.B. 10, appellant argues the trial court had a choice between classifying him under the S.B. 10 or Megan 's Law. Appellant contends that by choosing the punitive Ohio's Adam Walsh Act, the trial court violated Crim.R.11 and *State v. Williams,* 129 Ohio St.3d at 344, 2011-Ohio-3374, 952 N.E.2d 1108. We find this argument to be without merit.

{¶ 13} Only the retroactive application of S.B. 10 to conduct that occurred before January 1, 2008, is unconstitutional. *Williams* at syllabus. This does not apply to counts eight, nine and twelve of the indictment against appellant. By pleading guilty, appellant admits that he committed the offenses as alleged in the indictment, which was after the enactment of S.B. 10. *See* Crim.R.11(B)(1); *See also State v. Ellis,* 10th Dist. No.91AP-319, 1992 WL 146865, *2 (June 23, 1992). By pleading guilty to the offenses as alleged in the indictment, appellant admits to guilt with respect to the dates during which the offenses were committed, to wit: "[b]eginning on or about May 1, 2007 and continuing through February 10, 2008. Since the conduct continued through February 10, 2008, then S.B. 10 is not being retroactively applied to the appellant. As a result, appellant's classifications for counts eight, nine and twelve are not unconstitutional retroactive applications of the Act. The trial court did not err when denying appellant's motion with respect to those three counts.

{¶ 14} Next, appellant argues that he never would have pleaded guilty to the offenses had he known he was subject to the registration requirements under Ohio's Adam Walsh Act. We decline to address this argument, as it should have been raised on direct appeal. The sentencing hearing transcript reveals the court informed appellant of his classification requirements as a Tier III sex offender. Therefore, this argument could have been raised on direct appeal and is barred by the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 15} Appellant's third argument is that the nunc pro tunc sentencing judgment erroneously lists him as a Tier I sex offender. The trial court's original judgment entry of confinement did not state appellant's classification. At sentencing, the court did inform him that he was a Tier III sex offender; but the nunc pro tunc entry lists appellant as a Tier I sex offender.

The purpose of a nunc pro tunc judgment is restricted to placing upon the record evidence of judicial action which has actually been taken. *State, ex rel. Phillips, v. Indus. Comm.,* 116 Ohio St. 261, 155 N.E. 798 (1927). It can be exercised only to supply omissions in the exercise of functions, which are merely clerical. *Jacks v. Adamson,* 56 Ohio St. 397, 47 N.E. 48 (1897). It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide. *Webb v. Western Reserve Bond & Share Co.,* 115 Ohio St. 247, 153 N.E. 289 (1926). Appellant's third argument has merit.

{¶ 16} Straley should have been classified as a Tier III sex offender for count twelve, sexual battery, a violation of R.C. 2907.03(A)(5). *See* R.C. 2950.01(G)(1)(a). Straley should have been classified as a Tier I sex offender for count eight, gross sexual imposition, a violation of R.C. 2907.05(A)(1) and for count nine, gross sexual imposition, a violation of R.C. 2907.05(A)(1). *See* R.C. 2950.01(E)(1)(c). The trial court has no discretion in the classification of and the registration requirements imposed upon sex offenders. *State v. Jillson*, 1st Dist. No. C-110430, 2012-Ohio-1034, ¶ 26.

{¶ 17} A sentencing judgment must state a defendant's sex offender classification. R.C. 2929.19(B)(3)(a); *State v. Baker*, 4th Dist. No. 11CA5, 2012-Ohio-1085, ¶ 14, *citing State v. Kase*, 187 Ohio App.3d 590, 2010-Ohio-2688, 932 N.E.2d 990 at ¶ 25.[2] Here, while the trial court informed appellant at the sentencing hearing that he would be classified as a Tier III sex offender, the corresponding judgment entry of confinement filed January 9, 2009 does not contain any reference to the classification. The trial court we are assuming, tried to correct this by issuing a nunc pro tunc entry on March 22, 2012; but it incorrectly classified appellant as a Tier I sex offender.

---

[2] R.C. 2929.19(B)(3)(a) is the same statute formerly R.C. 2929.19(B)(4)(a) in the referenced cases.

{¶ 18} In order for the record to be clear and correct, the appellant should be resentenced under the correct classification schemes. For count eight, appellant should be classified as a Tier I sex offender. For count nine, appellant should be classified as a Tier I sex offender. For Count twelve, appellant should be classified as a Tier III sex offender.

{¶ 19} Therefore, we reverse the trial court's decision and remand this cause for a new sentencing hearing on counts 8, 9, and 12 to be followed by a proper journal entry.

                              JUDGMENT REVERSED AND CAUSE REMANDED.

**JUDGMENT ENTRY**

It is ordered that the trial court's JUDGMENT IS REVERSED and the CAUSE REMANDED for proceedings consistent with this decision. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty (60) days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty (60) day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty (60) days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. and Abele, J.: Concur in Judgment and Opinion.

For the Court

By:_____
        Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.